[Civ. No. 2907.   Third Appellate District.—September 25, 1924.]

## C. A. COVELL et al., Appellants, v. HARRIETT S. LEE, as Superintendent, etc., Respondent.

[1] APPEAL — PAPER TREATED BY PARTIES AS JUDGMENT. — Where both parties to an appeal are agreed that a paper filed by a trial judge in a *mandamus* proceeding between the same parties and denominated "Decision of Court" constitutes a judgment, it will be treated as such on an application by the appellants to the appellate court for an order directing the trial judge to certify whether they waived the making and filing of findings of fact and conclusions of law upon the issues of fact tried in said *mandamus* proceeding.

[2] FINDINGS—JUDGMENT—INCLUSION IN SAME DOCUMENT.—Findings of fact and the judgment based thereon may be included in the same document.

[3] ID.—WAIVER—PRESUMPTION—ORDERS.—Where the trial court has made findings of fact, no presumption arises that appellants have waived findings upon any issue in the case, and, hence, no purpose would be served by granting appellants' application for an order directing the trial judge to certify whether appellants waived findings.

---

(1) 4 C. J., p. 511, sec. 2282 (Anno.).   (2) 38 Cyc., p. 1961. (3) 4 C. J., p. 509, sec. 2272.

APPLICATION for an order directing the Superior Court of Yolo County and W. I. Redding, the Judge thereof, to

---

3.   Waiver of findings of fact by court, note, Ann. Cas. 1914D, 797.   See, also, 2 Cal. Jur. 882; 26 R. C. L. 1088.

certify whether appellants waived findings and conclusions of law. Application denied.

The facts are stated in the opinion of the court.

Dixwell L. Pierce for Appellants.

George T. Kern, District Attorney, A. C. Huston, A. C. Huston, Jr., and Harry L. Huston for Respondent.

FINCH, P. J.—This is an application for an order in the above-entitled cause, now on appeal in this court, directing the judge of the trial court to certify "whether said petitioners in said proceeding before said superior court therein waived the making and filing by said superior court of its findings of fact and conclusions of law upon the issues of fact tried in said proceeding."

Petitioners applied to the trial court for a writ of mandate requiring respondent to call an election for the determination of the question of the formation of a joint union high school district, to be composed of the following school districts: "Davis Joint, Montgomery Joint, Fairfield and Plainfield." In such application it is alleged that a petition was theretofore filed with respondent, "signed by a majority of the registered electors in each of said four school districts," praying for the formation of a joint union high school district. The answer denies that the petition "was signed by a majority of the registered electors in each of said school districts." No other issue was raised by the pleadings.

Section 1728 of the Political Code (as amended by Stats. 1917, p. 712) requires that such a petition be signed by "a majority of the registered electors, residing in each" of the school districts sought to be organized into a high school district. The cause was tried and in due time the trial judge signed and caused to be filed a paper, denominated "Decision of Court," which is in the form of an opinion, except for the last paragraph thereof, which reads as follows:

"It is, therefore, ordered that the petition for an alternative writ of mandate herein be and the same is hereby denied and that the respondent have and recover her costs incurred in this proceeding."

Petitioners treated the foregoing paper as a judgment and have appealed therefrom. In respondent's points and authorities in opposition to appellants' motion it is said: "In their points and authorities appellants cite the *Estate of Yorba,* 176 Cal. 166 [167 Pac. 854], to support the proposition that the document signed by the trial court constitutes a judgment in the action. With this view we agree because it is apparent that it was intended as such when we read the concluding paragraph of the document. . . . The judgment filed by the trial court contains sufficient findings of fact." [1] Since both parties are agreed that such paper constitutes a judgment it will be treated as such without further inquiry. In such paper appears the following:

"It appears from the evidence that thirty out of fifty-four registered electors residing in .said Plainfield school district signed the petition. Three of these petitioners filed written requests with respondent for the withdrawal of their names from the petition. Such requests were directed to the respondent in her official capacity and were presented to her before the petition was presented to or filed with the respondent. In considering the sufficiency of the petition, the respondent eliminated the names of said three petitioners . . . and determined that the petition was signed by but fifty per cent of such electors."

Treating the foregoing as a finding, it is responsive to the only issue made by the pleadings. Whether such finding is sufficient or is supported by the evidence are questions which do not arise here. [2] It has been held that findings of fact and the judgment based thereon may be included in the same document. (*Locke* v. *Klunker,* 123 Cal. 231, 239 [55 Pac. 993].) [3] Since the court has made findings of fact, no presumption arises that appellants have waived findings upon any issue in the case and, hence, no purpose would be served by granting appellants' application.

The application is denied.

Plummer, J., and Hart, J., concurred.