[Civ. No. 2907.  Third Appellate District.—February 19, 1925.],

# C. A. COVELL et al., Appellants, v. HARRIETT S. LEE, as Superintendent, etc., Respondent.

[1] SCHOOL LAW — FORMATION OF HIGH SCHOOL DISTRICT — ELEMENTARY SCHOOL DISTRICTS—SECTION 1728, POLITICAL CODE.—Under section 1728 of the Political Code, no elementary school district can become a part of a high school district against the will of a majority of the registered electors of the elementary district, and such will can be expressed effectively only by signing or refusing to sign the petition for the formation of the high school district.

[2] ID. — ELEMENTARY SCHOOL DISTRICTS INCLUDED IN HIGH SCHOOL DISTRICT—VOTING.—After a proper petition for the formation of a high school district to be composed of several elementary school districts is presented to the superintendent of schools, the question of forming the proposed high school district is determined by a majority vote of all the electors of the proposed district. If such majority be in favor of the proposition, then all of the elementary districts are included in the high school district, even though the electors of some one of them may have voted unanimously against the proposition.

[3] ID.—ESTABLISHMENT OF HIGH SCHOOL DISTRICT—ELECTION—MANDAMUS—RESIDENCE—EVIDENCE.—In a proceeding in *mandamus* to compel a county superintendent of schools to call an election for the determination of the question of establishing a high school district to be composed of four elementary school districts, where a woman, in reference to the contention that she was not a resident and registered elector of one of the elementary school districts because her husband did not reside in the district, testified that she had once been married but that she did not know whether she was still married at the time of the trial, because she had not seen or heard of her husband for twenty-five years, whether or not the woman's residence is a proper subject of inquiry in such proceeding, the only rational inference from the evidence is that she was a resident and legally registered elector of the district at the time the petition for the formation of the high school district was presented.

[4] ID.—SIGNING OF PETITION FOR FORMATION OF HIGH SCHOOL DISTRICT—WITHDRAWAL OF NAMES—TIME.—Registered electors of an elementary school district which was to be a part of a proposed high school district, who had signed a petition for the formation of such high school district while it was being circulated, had the right to withdraw their names from said petition by request-

ing the superintendent of schools that their names "be withdrawn from the petition calling for an election on the proposed" high school district, where the requests were presented to the superintendent at a time prior to the presentation or filing of the petition.

[5] ID.—PETITIONS—SIGNATURES.—In such proceeding, since the petition for the formation of the high school district did not contain the signatures of a majority of the registered electors of one of the elementary school districts which was to be a part of the proposed high school district, it was immaterial whether the petition was signed by a majority of the electors of other elementary school districts which were included in the proposed high school district. (Opinion on denial of rehearing.)

(1) 35 **Cyc.,** p. 849, n. 90.    (2) 35 **Cyc.,** p. 849, n. 90.    (3) 20 C. J., p. 69, n. 52.    (4) 35 **Cyc.,** p. 849, n. 90.    (5) 35 **Cyc.,** p. 849, n. 90.

APPEAL from a judgment of the Superior Court of Yolo County. W. I. Redding, Judge. Affirmed.

The facts are stated in the opinion of the court

Dixwell L. Pierce for Appellants.

George T. Kern, District Attorney, A. C. Huston, A. C. Huston, Jr., and Harry L. Huston for Respondent.

FINCH, P. J.—Petitioners applied to the trial court for a writ of mandate requiring the respondent, as county superintendent of schools, to call an election for the determination of the question of establishing a high school district to be named Davis Joint Union High School District. Respondent answered the petition and after a hearing the application was denied. This appeal is from the judgment.

A petition in due form was presented to the respondent praying for the formation of such high school district to be composed of four elementary school districts. Respondent found that the petition was signed by a majority of the registered electors of three of the districts, but that in one of them, Plainfield, there were fifty-four registered electors

5. Who may petition in relation to school matters, note, 43 L. R. A. (N. S.) 293.

and that only twenty-seven of them had joined in the petition. She therefore refused to call an election to determine the question. Section 1728 of the Political Code provides: "Whenever a majority of the registered electors, residing in each of two or more contiguous school districts, having in the aggregate at least one hundred pupils in average daily attendance in the elementary schools of such districts, shall unite in a petition to the superintendent of schools of the county who would have jurisdiction over the joint high school district proposed to be formed, which petition shall pray for the formation of a joint union high school district, under a name specified therein, such superintendent shall, within twenty days after receipt of such petition, verify the signatures thereto, and, if he finds it sufficient," he shall call an election for the determination of the question of establishing such high school district. If a majority of the votes cast at such election are in favor of the formation of such high school district, the superintendent shall so certify to the county clerk and thereupon the district shall be ·deemed to be formed.

[1] It is to be observed that no elementary school district can become a part of the high school district against the will of a majority of the registered electors of the elementary district. Such will, however, can be expressed effectively only by signing or refusing to sign the petition for the formation of the high school district. [2] After a proper petition is presented to the superintendent, the question of forming the proposed high school district is determined by a majority vote of all the electors of the proposed district. If such majority be in favor of the proposition,· then all of the elementary districts are included in the high school district, even though the electors of some one of them may have voted unanimously against the proposition. It is of great importance, therefore, that the petition represent the will of a majority of the electors of every elementary district proposed to be included in the high school district.

[3] Appellants contend that there were only fifty-three legally registered electors in Plainfield district; that a certain woman whose name appeared upon the register and was counted by respondent in ·making up the fifty-four electors was not a resident of the district, because she was a married

woman whose husband did not reside in the district and "the residence of the husband is the residence of the wife." (Pol. Code, sec. 52, subd. 5; sec. 1239, subd. 9.) It may be observed in passing that "the place where a man's family resides must be held to be his residence." (Sec. 1239, subd. 7.) It is not necessary, however, to follow these two rules around a circle in determining the question here presented. The woman testified that she had once been married but that she did not know whether she was still married at the time of the trial, because she had not seen or heard of her husband for twenty-five years. It is presumed "that a person not heard from in seven years is dead." (Code Civ. Proc., sec. 1963, subd. 26.) But aside from this presumption, in this day of woman's rights, it would be a startling pronouncement to hold that a woman continuously separated from her husband could not establish a residence of her own in a quarter of a century. Whether or not the woman's residence is a proper subject of inquiry in this proceeding, the only rational inference from the evidence is that she was a resident and legally registered elector of the district at the time the petition was presented.

[4] Thirty registered electors of Plainfield district signed the petition while it was being circulated. Three of them later signed written requests, addressed to the superintendent, for the withdrawal of their names from the petition in the following language: "After reconsideration of the high-school problem as affecting the Plainfield School District we, the undersigned, respectfully request that our names be withdrawn from the petition calling for an election on the proposed Davis High School District." These requests were presented to the superintendent at a time prior to the presentation or filing of the petition. In computing the number of signers the superintendent rejected these three names, thus reducing the number to twenty-seven. Appellants contend that these names should have been counted. It is not contended that the signers could not have withdrawn their names from the petition in some manner before it was filed, but it is suggested that the request for such withdrawal should have been made to the person who circulated the petition. It is not suggested what remedy would

be available to one seeking to withdraw if the person who circulated a petition should refuse to accede to the request.

It is not necessary to review the many decisions of other jurisdictions relied on by appellants. They go no further than to hold, as was held in *Beecham* v. *Burns*, 34 Cal. App. 754, 760 [168 Pac. 1058, 1061] where the right to withdraw from a petition for the recall of a public officer was considered, that "the signers of such petitions may not withdraw their names or have their names withdrawn by the clerk at any time after the petition has been filed." The California Irrigation Act (Stats. 1897, p. 254) provides that the board of supervisors of a county, upon presentation of a petition signed as therein provided, and after due proceedings had thereon, shall call an election to determine the question of organizing an irrigation district. The act provides that "said petition shall be presented at a regular meeting of said board and shall be published for at least two weeks before the time at which the same is to be presented in some newspaper of general circulation printed and published in the county where said petition is presented together with a notice stating the time of the meeting at which the same will be presented." In *McAulay* v. *Board of Supervisors*, 178 Cal. 628 [174 Pac. 30] the question of the right of petitioners to withdraw from such a petition was in issue. An examination of the record in that case discloses that, after the commencement of publication of notice and prior to the time designated therein for the presentation of the petition to the supervisors, certain signers of the petition filed with the clerk of the board a writing which recited that they had signed the petition and ended as follows: "We hereby ask that our names be stricken from the same, and that the said petition be denied." The supervisors found that "by reason of such withdrawals" the petition was insufficient and refused to proceed further in the matter. At that time the act made no provision for the withdrawal of signatures from the petition. In the argument before the supreme court many of the cases on which appellants herein rely were cited. The court held that "petitioners . . . may effectively withdraw from the petition for the organization of such districts at any time prior to the presentation of the petition to the board of supervisors on

the date fixed in the published notice for such presentation, with the result that at the time of such presentation they can no longer be considered by the board as petitioners." The right of withdrawal, the procedure adopted, and the stage of the proceeding at which the withdrawals were effected in that case were the same in principle as in this, and the decision therein must be held controlling here.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 20, 1925, and the following opinion then rendered thereon:

THE COURT—In their petition for a rehearing appellants state that the opinion filed herein does not dispose of their contention that the findings are insufficient to support the judgment.

The findings were considered in *Covell* v. *Lee*, 69 Cal. App. 1 [230 Pac. 208], and what is there said need not be repeated here. The finding there set out is necessarily decisive against the appellants and is sufficient to support the judgment. [5] Since the petition did not contain the signatures of a majority of the registered electors of Plainfield district it was immaterial whether it was signed by a majority of the electors of other districts. (*Phillips* v. *Stark*, 65 Cal. App. 136 [223 Pac. 443].) The finding is not outside the issues, but it is responsive to the only issue raised by the pleadings.

The petition is denied.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1925.

All the Justices concurred.