[L. A. No. 11672. In Bank.—May 29, 1931.]

In the Matter of the Estate of G. A. WOODBURN, Deceased. SARÁH A. WOODBURN, Respondent, v. MRS. J. D. WELLS, Appellant.

J. E. Light for Appellant.

No appearance for Respondent.

THE COURT.—The respondent is the widow of G. A. Woodburn, deceased, whose estate was in course of probate at the time of the making and entry of the order from which this appeal has been taken. The appellant is an heir of said G. A. Woodburn. During the course of administration of the estate an inventory and appraisement was duly filed showing that the estate consisted of certain personal property which did not exceed in value the sum of $1500. Thereafter the respondent presented her petition for the assignment to herself of the whole estate, in which petition the character and value of the estate as shown in the inventory and appraisement was set forth, and in which it is alleged that the decedent had left the petitioner as his widow and had left no minor children. She therefore prayed for an order of the court assigning the whole of the estate to herself as the widow of the decedent and for her exclusive use and benefit. Notice of the hearing upon the petition having been duly given, Mrs. J. D. Wells, the appellant herein, asserting herself to be a daughter and heir at law of the decedent, appeared to contest the widow's petition, and as a ground of such contest alleged the existence of an antenuptial agreement between G. A. Woodburn and the respondent, who thereafter was to become his wife and widow, but who then bore the name of Mrs. D. H. Mitchell, and in which agreement the parties thereto, in contemplation of their impending marriage, undertook to make a full and complete settlement of their property rights prior to said marriage. G. A. Woodburn, as the party of the first part to said agreement, agreed that "in consideration of the marriage contract above referred to, the said first party does hereby expressly waive and relinquish any and all right, title and interest in and to any property either real or personal now owned or that may be hereafter acquired by said second party [Mrs. Mitchell], and does further expressly waive and relinquish any and all right of inheritance in any such property now owned or that may be hereafter acquired by said second party which he might be entitled to by reason of being the husband of said second party". Mrs. Mitchell, as the second party to said marriage settlement, agreed to an identical waiver

on her part. In connection with her agreement, however, it was provided, "That the said first party shall furnish the said second party as long as she may live a good and comfortable home, fully as good and commodious as the house now used and occupied by him [description], and it is agreed that said property may be held as a home for said second party so long as she may live."

Upon the hearing of the widow's petition and the aforesaid objection thereto, in the course of which the foregoing marriage settlement was presented and offered in evidence, the trial court made a minute order granting said petition and overruling the objection thereto, and thereafter and on the same day signed and entered its decree assigning the whole of said estate to the widow under the provisions of section 1469 of the Code of Civil Procedure. This appeal has been taken from the aforesaid decree.

The respondent has made no reply to the appellant's brief upon the appeal, and has made no response to an order to show cause issued by this court, and the matter has been accordingly submitted for decision upon the appellant's brief.

■ Appellant's first contention is that the case should be reversed upon the ground that the trial court failed to make and file any findings of fact or conclusions of law upon the trial of the issues presented by said petition and the appellant's objections thereto. In support of her contention the appellant cites and relies upon the various sections of the Code of Civil Procedure relating to trials in civil actions, and insists that the same procedure should have been followed upon the issues joined under the provisions of section 1469 of the Code of Civil Procedure. Without determining whether the several provisions of said code to which we have been cited have application to the procedure provided for, in section 1469 of the Code of Civil Procedure, by which a widow, under the circumstances stated therein, may have set aside to her and for her benefit the entire estate of her deceased husband, we are of the opinion that the formal order and decree which the trial court signed and caused to be entered on the day of making its minute order constituted a sufficient compliance with the requirements of the sections of the Code of Civil Procedure relating to the filing of findings of fact and conclusions of law in civil actions and proceedings. An examination of the decree

shows that the trial court embodied therein a substantial statement of every ultimate fact and legal conclusion required as the basis for its decree setting apart the whole of said estate to the widow of the deceased.

■ Upon the merits of this appeal we are of the opinion that the antenuptial settlement entered into between G. A. Woodburn and the lady who was to become his wife and widow and who is the respondent herein, while the parties thereto expressly waived and relinquished each on his and her own part all right, title and interest in the property then owned or thereafter to be acquired by the other party, and all right of inheritance therein to which either party might be entitled as the husband or wife of the other, cannot be held to have accomplished a waiver of those rights to which the widow or minor children, if any, of a decedent are entitled under the provisions of article I, chapter V, part III, title XI of the Code of Civil Procedure. The provisions of said chapter and article expressly relate to the support of the family of a decedent, and to which the widow and minor children of said decedent become entitled upon his death and the probate of his estate, without regard to any interest which they or any of them may have had in the property of said decedent during his lifetime, and without reference to their heirship or right of inheritance therein.

■ When a decedent dies leaving a widow, or a widow and minor child or minor children, the widow and minor child or children, if any, become entitled under the foregoing provisions of said code to have the entire property and estate of the decedent set apart for the use and support of his family upon the return of the inventory and appraisement of his estate, showing that the total value thereof is less than the sum of $2,500. The rights to which this widow became entitled under the foregoing provisions of the code were in no sense either the rights of inheritance or rights depending upon any previous interest in the property of the decedent owned by him during his lifetime, and which she may or may not have surrendered by virtue of the terms of their antenuptial agreement. The trial court was, therefore, correct in ordering the whole estate of the decedent set apart to his widow upon the showing made under the provisions of section 1469 of the Code of Civil Procedure.

The order is affirmed.