[Civ. No. 748. Fourth Appellate District.—May 19, 1932.]

MINNIE M. BAINBRIDGE, Respondent, v. SAM LACH-
ENMAIER, Appellant.

Rowen Irwin for Appellant.

Alfred Siemon for Respondent.

SCOVEL, J., *pro tem.*—The complaint in this action alleges that on March 3, 1931, defendant employed plaintiff to drill a water-well at a specified price per lineal foot, the defendant to furnish all pipe and casing; that the well was drilled to a depth of 423 feet, but that defendant refused to pay for the same. Defendant filed his answer and a pleading designated a cross-complaint, admitting that the contract for drilling the well had been entered into, but alleging that the contract was in writing dated December 15, 1930, and providing for completion of the well not later than March 5, 1931. That under and pursuant to such contract plaintiff started the drilling of a well on or about February 7, 1931, drilling the same to a depth of 246 feet. That said well was drilled in such negligent and careless manner that plaintiff was forced to discontinue the drilling thereof and that on March 3, 1931, the written contract was modified by an oral agreement wherein plaintiff agreed to drill a new well under the same terms and conditions set forth in the written contract. It was further alleged that by the terms of the oral agreement plaintiff should pull the casing placed in the first well and that the same should be used in the second well, but that the cost of all casing which could not be withdrawn should be credited to defendant upon the cost of drilling the second well, which amount defendant alleged to be $469.78. In the so-called counterclaim defendant alleged an agreement dated December 15, 1930, wherein plaintiff agreed to drill a well to a depth of not less than 300 feet; that thereafter defendant commenced the drilling of such well, but drilled the same in a careless

and negligent manner and was thereby compelled to abandon the same at a depth of 246 feet; that by reason thereof defendant was prevented from securing irrigating water, damaging a potato crop in the sum of $2,000. It is not alleged that the agreement relied upon in the counterclaim or cross-complaint was in writing. Plaintiff filed an answer to the counterclaim as a cross-complaint, denying all of the allegations therein and alleging that she was compelled to abandon the first well by an unavoidable accident and that it was thereupon mutually agreed between plaintiff and defendant that the well should be abandoned; that neither party should have any claim against the other party in relation thereto; and that plaintiff should immediately commence the drilling of a new well upon the terms and conditions set forth in plaintiff's complaint. That the written contract for drilling the first well was thereby annulled and that the second well was drilled under the foregoing oral agreement.

The court found that all the allegations of plaintiff's complaint were true; found that defendant's answer was untrue excepting that it failed to make any finding as to the execution of the written agreement alleged therein. The court further found that the allegations in the counterclaim were untrue, but failed to make any finding upon the special defense in plaintiff's answer to the counterclaim or cross-complaint, wherein she alleged a substitution of the oral agreement for the written agreement or a novation. Judgment was entered in favor of the plaintiff in accordance with the prayer of the complaint. Defendant has appealed and bases his appeal upon the failure of the court to find upon the issue as to the execution of the written agreement set forth in the answer and the issue of novation pleaded in the answer to the counterclaim or cross-complaint.

The evidence, which is substantially uncontradicted, shows that a written agreement was entered into by the parties in November or December, 1930, for the drilling of a well upon defendant's lands; that pursuant thereto a well was drilled by plaintiff to a depth of 249 feet; that at that depth a part of the drilling equipment broke and that the well was abandoned; that thereafter a second well was drilled to completion. There is considerable conflict in the evidence as to whether or not the second well was drilled

under an oral agreement superseding the written agreement, the evidence of plaintiff tending to show that it was so drilled, the evidence of defendant showing that the work was done pursuant to an extension or modification of the written agreement.

It will be noted that defendant's claim for the cost of casing was based upon a provision in the oral agreement providing for a credit thereof against the cost of drilling the second well. Plaintiff, however, denied any such provision in the oral agreement and testified directly that no such provision entered into the agreement. The court found in favor of the plaintiff upon this issue. It is therefore immaterial whether or not the alleged written agreement was ever entered into inasmuch as no liability on the part of plaintiff is claimed thereunder. A finding in favor of the defendant upon the issue as to the execution of the written agreement would not affect the judgment and failure to find thereon is therefore harmless error. (*Delannoy* v. *Quetu,* 73 Cal. App. 627 [239 Pac. 71]; *Janke* v. *McMahon,* 21 Cal. App. 781 [133 Pac. 21].)

As to the counterclaim or cross-complaint, the court found that the parties did not enter into the agreement alleged therein. In support of his allegation in the cross-complaint plaintiff introduced a written agreement dated December 15, 1930, providing for the drilling of a water-well and fixing a date for completion thereof as March 5, 1931. The defendant testified that she had signed a written agreement for the drilling of a water-well, but denied that it was dated, or that it contained any date for completion of the well. If her statement be true, then the agreement alleged by defendant in his counterclaim was not the one actually executed by the parties and the finding of the court in reference thereto is supported by the evidence.

Furthermore, the counterclaim or cross-complaint is based upon negligence in the drilling of the first well. The testimony of plaintiff shows that there was no negligence, but that the well was abandoned by reason of an unavoidable accident, to wit, the breaking of a bailer. The finding of the court, therefore, that the defendant was not damaged by any negligence on the part of plaintiff in drilling the well is also supported by the evidence. The special defense pleaded by plaintiff to the effect that the

agreement for the drilling of the well had been superseded by a subsequent agreement is therefore immaterial and a finding thereon in favor of the defendant would not affect the judgment of the court in favor of the plaintiff on the counterclaim or cross-complaint. As above set forth, the failure of the court to find upon an issue which would not affect the judgment, even if a finding thereon were made in favor of the complaining party, is harmless error.

From the record it appears that the findings were not served upon appellant prior to their being signed and filed. The record, however, does not show that the findings were prepared by either party by the court's order. Findings need be served on the parties to the action only where the court directs a party to prepare the findings. (*Hoffman* v. *Guy M. Rush Co.*, 27. Cal. App. 167 [149 Pac. 177].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.