[Civ. No. 15267.   Second Dist., Div. Two.   Nov. 6, 1946.]

Estate of IRENE PORTER ROSLAND, Deceased.   OSCAR E. ROSLAND, Respondent, v. FELIX J. CONSTANTI-NEAU, as Executor, etc., Appellant.

John J. Beck for Appellant.

F. D. R. Moote for Respondent.

WILSON, J.—From an order made during the proceedings for the probate of the estate of Irene Porter Rosland pursuant to section 660 et seq. of the Probate Code, setting apart exempt personal property and a probate homestead tò Oscar E. Rosland, the surviving husband of decedent, for the period of his natural life, the executor of the estate has appealed, presenting three points as grounds for the reversal of the order.

1. *Are the findings of fact contained in the order sufficient?* All issues of fact joined in probate proceedings must be tried in conformity with the rules of practice in civil actions. (Prob. Code, § 1230.) ▪ In contested probate matters the court is required, as in civil actions, to make appropriate findings of fact on all disputed issues. (*Estate of Baird,* 59 Cal.App. 2d 303, 305 [138 P.2d 698]; *Estate of Pendell,* 216 Cal. 384, 385 [14 P.2d 506]; *Estate of Pala,* 55 Cal.App.2d 647, 649 [131 P.2d 593]; *Estate of Burton,* 63 Cal. 36, 37.) ▪ They must be in writing (Code Civ. Proc., § 632) and if not waived judgment cannot be entered until they are made and filed

with the clerk. (*Estate of Dodds,* 52 Cal.App.2d 287, 289 [126 P.2d 150]; *Brownell* v. *Superior Court,* 157 Cal. 703, 707 [109 P. 91].) ▉ Findings of fact may be included in the order or decree and are not required to be in a separate document. (*Estate of Janes,* 18 Cal.2d 512, 514 [116 P.2d 438]; *Estate of Exterstein,* 2 Cal.2d 13, 15 [38 P.2d 151]; *In re Sharp,* 41 Cal.App.2d 79, 84 [106 P.2d 244]; *In re Bensfield,* 102 Cal.App. 445, 448 [283 P. 112]; *Estate of Woodburn,* 212 Cal. 683, 686 [300 P. 22]; *Estate of Clifford,* 16 Cal.App.2d 123, 126 [60 P.2d 302]; *Kemp* v. *Campbell,* 9 Cal.App.2d 298, 300 [49 P.2d 872]; *Hopkins* v. *Warner,* 109 Cal. 133, 139 [41 P. 868]; *Covell* v. *Lee,* 69 Cal.App. 1, 3 [230 P. 208].)

▉ In the order appealed from the court found the following facts: (a) That notice of the time and place of hearing the petition had been regularly given in the manner and for the period required by law; (b) that the inventory and appraisement had been returned and filed; (c) that the real property described in the order and set apart as a homestead to respondent was the separate property of decedent; (d) that no homestead had been selected during the lifetime of decedent; (e) that the personal property set apart is exempt from execution; (f) that respondent is the surviving husband of decedent. These are the only facts that are required to sustain the order. It was not necessary that the court make findings regarding respondent's life expectancy or his financial needs.

▉ 2. *Was the service of findings on opposing counsel necessary?* To appellant's objection that findings were not served on him prior to the signing of the order there are two answers: (1) Section 634 of the Code of Civil Procedure is merely directory and the fact that proposed findings were not served on appellant five days before they were signed does not impair the validity of the judgment. (*Treat* v. *Superior Court,* 7 Cal.2d 636, 639 [62 P.2d 147]; *Noland* v. *Noland,* 44 Cal.App.2d 780, 784 [113 P.2d 11]; *Bradford* v. *Southern Calif. Petroleum Corp.,* 62 Cal.App.2d 450, 462 [145 P.2d 36]; *Crawford* v. *Lambert,* 136 Cal.App. 617, 619 [29 P.2d 428]; *Sadicoff* v. *Jackson,* 46 Cal.App. 256 [189 P. 111]; *Manfre* v. *Sharp,* 210 Cal. 479, 482 [292 P. 465].) ▉ (2) Service of findings is not required where the court does not direct their preparation by either party (*In re Sharp, supra;*

*Hoffman* v. *Guy M. Rush Co.*, 27 Cal.App. 167, 168 [149 P. 177]; *Bainbridge* v. *Lachenmaier*, 123 Cal.App. 560, 564 [11 P.2d 671]), ▮ and though the court gives such direction, failure to serve them before they are signed will be disregarded on appeal in the absence of a showing of prejudice. (Const., art. VI, § 4½; *Miller* v. *Murphy*, 186 Cal. 344, 350 [199 P. 525]; *In re Sharp, supra; Baker* v. *Eilers Music Co.*, 175 Cal. 652, 656 [166 P. 1006]; *In re Bensfield*, 102 Cal.App. 445, 449 [283 P. 112].)

Since all jurisdictional and necessary facts are recited in the order and since the findings are in accord with the evidence, appellant was not prejudiced by the absence of service.

▮ 3. *Did the court abuse its discretion in setting the property apart for the maximum period allowed by law?* Section 661 of the Probate Code provides that if the property was the separate property of the decedent the court can set it apart for a limited period, and in no case beyond the lifetime of the surviving spouse. Appellant's contention that the court abused its discretion in setting the property apart for the respondent's lifetime and in failing to shorten the maximum period by allowing credits for equities claimed to have been shown to exist is based on his partial statement of the facts shown by the record, to wit, that the property had been devised to decedent by her niece; that respondent and decedent, at the date of the latter's death, had been married only two years and eight months and had no issue; that the husband was not in need; that there was no evidence as to his age or life expectancy. In addition to the facts stated by appellant the evidence shows that during their marriage respondent supported decedent and gave her all checks received by him for his wages amounting to $67 each week, out of which she allowed him $5.00; with his separate funds he paid a mortgage of $813 on the home; he paid the expenses of her funeral and last illness amounting to $332.82; about five months before her death he gave her all the money they had on hand for the expense of a trip on which she went alone; an automobile listed as part of the assets of the estate, appraised at $600, was paid for out of his earnings. The facts warranted the order and the court did not abuse its discretion in making it.

Order affirmed.

Moore, P. J., and McComb, J., concurred.