[Civ. No. 17019.   First Dist., Div. Two.   Feb. 26, 1957.]

ANN ROUSSEAU, Appellant, v. PAUL O'GARA et al.,
Respondents.

Ann Rousseau, in pro. per., for Appellant.

O'Gara & O'Gara and James A. O'Gara for Respondents.

DOOLING, Acting P. J.—This is an appeal from a judgment in favor of defendants entered after an order sustaining a demurrer without leave to amend to plaintiff's first amended complaint.

Appellant appears in propria persona.   Respondents are attorneys who represented certain parties adverse to appellant in a prior action.   A review of that action is necessary to an understanding of the present appeal.

In April of 1950 appellant commenced an action in the superior court in which she sought to quiet title to certain real property.   This property was the principal estate of one Josephine B. McConnon, the grandmother of appellant, who died in 1949 at the age of 86.   Appellant claimed the property by virtue of a purported deed from her grandmother dated January 5, 1931, and recorded February 5, 1931.   The trial court found that the deed through which appellant claims, although recorded, had not been executed or signed

by Mrs. McConnon, and that Mrs. McConnon had not delivered it to appellant or to anyone else for her. On appeal it was held that the findings of nonexecution and nondelivery of the deed were amply supported by substantial and credible evidence. (*Rousseau* v. *Hurtado*, 122 Cal.App.2d 705 [265 P.2d 580].) These findings were filed February 11, 1952. The judgment for defendants in that action was affirmed.

While the amended complaint is in two counts the gist of the attempted statement of a cause of action is found in count one and these allegations of that count are incorporated into count two by reference. Stripped of allegations of conclusions of law and repetitious matter the appellant stands on the following allegations:

"Defendants herein knew that there was conclusive evidence of the proper execution and proper acknowledgement of a deed in fee simple absolute to Ann Rousseau, grantee, which occurred in the offices of Tobin and Tobin, San Francisco, California, on the 5th day of February, 1931. Defendants knew through the conclusive evidence that the said deed had been recorded the same day of its proper execution and proper acknowledgement; and that the notary public who acknowledged the proper execution had as her business address the law firm of Tobin and Tobin during the entire year of 1931. This conclusive evidence was entirely omitted from the 'findings of fact' and 'conclusions of law' and defendants herein allowed, cooperated, and have willfully and aggressively attempted to divest Plaintiff herein of her property through fraud."

A reading of the opinion in *Rousseau* v. *Hurtado, supra,* 122 Cal.App.2d 705, shows that the evidence recited in the complaint of the alleged execution and delivery of the deed from her grandmother to appellant herein was presented to the court in that case, including the fact that the notary whose typed name appeared on the acknowledgment of the purported deed as recorded had her office with Tobin and Tobin in 1931 (122 Cal.App.2d 713-714). The quoted allegations of the complaint in this regard amount to an assertion that these facts were conclusive evidence that the purported deed was actually executed and acknowledged by the purported grantor, that defendants knew these facts and with knowledge of them prepared and presented findings to the court which omitted this conclusive evidence. In fact the evidence was not conclusive as held by the trial court and the District Court of Appeal in that case. The charge amounts to no

more than that counsel prepared findings in accordance with the order for judgment made by the court in that case and presented them to the judge, omitting therefrom facts against the truth of which the trial judge had expressly found. The trial judge is responsible for the findings, not counsel who prepares them at his direction. (*Hathaway* v. *Ryan*, 35 Cal. 187.) The matter was fully litigated and with all the evidence before him the trial judge found that the deed was not executed by the purported grantor. Appellant no doubt sincerely believes that this decision was a gross miscarriage of justice but the defendants in this case cannot be held liable in damages to appellant for preparing findings in accordance with the decision of the trial judge after hearing the conflicting evidence presented to him in the trial of that case.

We need not decide whether an attorney might be held liable in damages for knowingly presenting false evidence in a case. The allegations here fall far short of such a situation. We are satisfied that no attorney can be liable for omitting from findings facts which after a full hearing the trial judge has concluded are not true.

Judgment affirmed.

Kaufman, J., and Draper, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 25, 1957.

---

*Assigned by Chairman of Judicial Council.