[No. A030011. First Dist., Div. Three. Mar. 22, 1985.]

CONTINENTAL INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
U.S. LINES, INC., Real Party in Interest.

**COUNSEL**

Thornton, Taylor & Downs, Francis X. Doherty and Pamela Levin for Petitioner.

No appearance for Respondent.

James F. Waite and Meis & Waite for Real Party in Interest.

**OPINION**

**SCOTT, Acting P. J.**— This petition challenges denial of a motion for summary judgment. By the motion, Continental Insurance Company sought a ruling that the complaint against it was barred by the one-year limitation period in its insurance contract. The trial court denied the motion on the ground that "the date from which contracted one year requirement to sue begins is [a] factual issue." Without reaching the merits of the trial court's

ruling, we vacate the court order for failure to comply with a recent amendment to Code of Civil Procedure section 437c.[1]

Section 437c, as the result of a 1983 amendment (Stats. 1983, ch. 490, No. 4 Deering's Adv. Legis. Service, pp. 532-534, No. 7 West's Cal. Legis. Service, pp. 3035-3039), requires a precise explanation of a trial court ruling denying summary judgment. Subdivision (g), applicable to the ruling here, states: "Upon the denial of a motion for summary judgment on the ground that there is a triable issue as to one or more material facts, the court *shall,* by written or oral order, *specify one or more material facts raised by the motion* as to which the court has determined there exists a triable controversy. This determination shall *specifically refer to the evidence proffered in support of and in opposition to the motion which indicates that such triable controversy exists. . . .*" (Italics added.)

Clearly, the trial court's statement, quoted above, does not satisfy the requirements of the statute. ▉ In our request for opposition we asked real party in interest whether the requirements of the statute had been met and whether a writ should issue to compel compliance. Real party conceded that the order "may have been defective in form by not referring to the evidence in support of or in opposition to the motion." As a suggested remedy, real party furnished this court and respondent superior court with a proposed amended order. The court has signed the proposed amended order.

The amended order is no better than the court's first order. It states again that the motion is denied because "the date from which contracted one year requirement to sue begins is [a] factual issue." It adds the following: "The evidence proffered in support of and in opposition to the motion which indicates that a triable controversy exists is as follows." It then lists, by date and exhibit number, various documents in the file, including the complaint, the insurance policy, seven letters, a deposition excerpt, a request for judicial notice, and another document. Nowhere is any item of evidence *specifically* referred to in such a way as to indicate that a triable controversy exists. Nowhere is a conflict in the evidence identified by reference to the evidence in support of a particular asserted fact and the evidence in opposition to that fact.

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd.

---

[1]Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

(c).) In ruling on a motion for summary judgment, a trial court must first determine the applicable law, then consider whether the opposing declarations present a triable controversy as to a material fact. By requiring the court to specify one or more material facts in controversy and to specifically refer to the evidence proffered in support of and in opposition to the motion, the Legislature has forced the court to focus its attention upon where the legal issues leave off and the factual issues begin. If the court merely catalogs the documents submitted, without extracting specific opposing facts, there is no assurance that the statute's purpose has been met.

Where the defense is the statute of limitations, the parties often agree on the arguably critical facts such as date of injury, date of complaint, date of symptoms, or conduct of the defendant. They may disagree on questions of law, such as which statute applies, whether a contractual provision overrides the statute, whether the statute begins to run at the time of the accident or at the time of some later event, or whether the defendant's admitted conduct furnishes the basis for an estoppel. The value of subdivision (g) is that it encourages the parties and the court to analyze the law before reaching the conclusion that disputed factual issues exist. In the course of identifying the disputed facts and specifying the conflicting evidence, the court may discover, for example, that the facts are not in conflict and that the motion should be either granted or denied on a point of law.

■ Although section 437c authorizes a party to petition for a peremptory writ upon denial of a motion for summary judgment (*id.*, subd. (*l*)), such applications are not routinely granted whenever error of any kind is found. (See *Laible* v. *Superior Court* (1984) 157 Cal.App.3d 44, 46, fn. 1 [203 Cal.Rptr. 513], and cases cited therein.) We grant the writ here to emphasize for the bar and bench the requirement of subdivision (g) and to highlight some patently insufficient orders.[2]

We have reached our conclusion after full consideration of the issue and after advising real party that we might act by peremptory writ in the first instance. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) Such a procedure is proper.

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its orders denying petitioner's motion for summary

---

[2]Ironically, we have received a letter from petitioner's counsel with a proposed order that demonstrates that he too has missed the point of subdivision (g). He proposed the motion be denied on the ground that "it appears to the court that their [*sic*] is a triable issue of fact as to whether defendant should be estopped to assert the running of the period of limitations for suit." He too fails to specify what evidence on the two sides reveals that the parties dispute a material fact.

judgment, to reconsider the motion, and to enter an order in compliance with section 437c, subdivision (g), and with this opinion.

Barry-Deal, J., and Merrill, J., concurred.