[No. G002607. Fourth Dist., Div. Three. July 23, 1985.]

TERA PHARMACEUTICALS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
JOHN H. CHAPMAN, Real Party in Interest.

**COUNSEL**

Ray R. Goldie for Petitioner.

No appearance for Respondent.

Thoits, Lehman & Love, William J. McLean and Scott A. Ross for Real Party in Interest.

**OPINION**

WALLIN, J.—Petitioners Tera Pharmaceuticals, Inc. and Research Industries Corporation, Inc. seek a writ of mandate compelling the Orange County Superior Court to 1) vacate its order denying their motions for summary judgment or alternatively for summary adjudication of issues and 2) enter a new order either granting summary judgments or specifying those issues raised by the motions as are without substantial controversy and as to which there exists a triable issue of fact. We hold the trial court has failed to comply with Code of Civil Procedure section 437c, subdivisions (f) and (g)[1] and issue the writ.[2]

Chapman filed a complaint in the superior court against Tera and Research for breach of contract and wrongful termination of employment. On February 22, 1985, Tera and Research filed notices of motion entitled "for summary judgment or adjudication of issues without substantial controversy." While the notices of motion did not specify the issues sought to be adjudicated, the points and authorities accompanying each motion clearly set forth the issues urged by the moving party to be without controversy.

After hearing, the court issued its order, stating: "*Motion of defendant Tera Pharmaceuticals* for Summary Judgment is denied. Triable issues exist

---

[1]All statutory references hereafter are to the Code of Civil Procedure.

[2]Because of our holding, we do not reach the merits of the trial court's ruling.

as to each of the causes of action, for example whether plaintiff could not be discharged except for cause; whether his discharge was for cause; whether he was discharged for refusal to violate law; etc. *Motion of defendant Research Industries* for Summary Judgment is denied. Triable issues exist as to each of the causes of action for example: Plaintiff's employment status.''

Read together, section 437c, subdivisions (f) and (g)[3] provide that upon a motion for summary judgment or alternatively for summary adjudication of issues, the court shall specify those issues that are without controversy and those issues as to which there exists a material, triable controversy. As to the latter, the court shall specifically refer to the evidence proffered in support of and in opposition to the motion which indicates that such triable controversy exists.

■ Here, the trial court's order does not satisfy the requirements of the statute. Not only does it fail to indicate whether any issues raised by the motions are without substantial controversy, it completely fails to detail the conflicting evidence regarding each triable issue of fact. In order to fulfill the statute's purpose, the order must identify ''a conflict in the evidence . . . by reference to the evidence in support of a particular asserted fact and the evidence in opposition to that fact.'' (*Continental Insurance Co.* v. *Superior Court* (1985) 165 Cal.App.3d 1069, 1071 [212 Cal.Rptr. 140].)

Our decision is compelled by the language of the statute. While we may question the wisdom of imposing yet another procedural requirement on already overburdened law and motion judges, we see no alternative. Of course judges should shift the burden to counsel, where it belongs, and require the preparation of an attorney order specifying the disputed issues and citing the relevant evidence. (See Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1985) §§ 10:182.3–10:182.12; Weil &

---

[3]The relevant portions of subdivisions (f) and (g) read as follows: ''(f) When the moving party moves for summary adjudication of issues, either by itself or as an alternative to summary judgment, if it appears that the proof supports the granting of such motion as to some but not all the issues involved in the action, or that one or more of the issues raised by a claim is admitted, or that one or more of the issues raised by a defense is conceded, the court shall, by order, specify that such issues are without substantial controversy. Moreover, upon that motion, the court shall, by written or oral order, specify those issues raised by the motion as to which there exists a material, triable controversy, and refer to the evidence which establishes a triable issue of fact regarding each of those issues. . . .
■ (g) Upon the denial of a motion for summary judgment on the ground that there is a triable issue as to one or more material facts, the court shall, by written or oral order, specify one or more material facts raised by the motion as to which the court has determined there exists a triable controversy. This determination shall specifically refer to the evidence proffered in support of and in opposition to the motion which indicates that such triable controversy exists. . . .''

Brown, *Braces for the Old Tiger's New Teeth* (July 1984) 4 Cal. Law., at pp. 20-22.)

The issue presented is one of law, and we see no purpose to be served by issuing an alternative writ. Since the opposing parties have received due notice, the issuance of a peremptory writ in the first instance is appropriate. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Orange County Superior Court to vacate its order denying the motions for summary judgment, to reconsider the motions, and to enter an order in compliance with section 437c, subdivisions (f) and (g), and with this opinion.

Trotter, P. J., and Sonenshine, J., concurred.