[No. A032529. First Dist., Div. Two. Mar. 25, 1986.]

ROBERT E. YOUNG, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
ANTON WENZOSKI et al., Real Parties in Interest.

**COUNSEL**

Paul A. Renne and Cooley, Godward, Castro, Huddleston & Tatum for Petitioner.

No appearance for Respondent.

Thomas H. Carver for Real Parties in Interest.

**OPINION**

**KLINE, P. J.**—This petition challenges the denial of a motion for summary judgment or summary adjudication of issues as to the ninth and tenth causes of action of the complaint filed by real parties in interest. Petitioner's motion contended that the ninth cause of action for fraudulent conveyance was barred by the three-year statute of limitations for fraud and that there was no evidence to create a triable dispute as to the tenth cause of action for a creditor's bill. Without reaching the merits of the superior court's ruling, we vacate the order for failure to comply with section 437c, subdivisions (f) and (g) of the Code of Civil Procedure.[1]

■ Subdivision (f) provides that upon a motion for summary adjudication of issues, either by itself or as an alternative to summary judgment, "the court shall, by written or oral order, specify those issues raised by the motion as to which there exists a material, triable controversy, *and refer to the evidence which establishes a triable issue of fact regarding each of those issues.*" (Italics added.) Subdivision (g), which bears most directly on the instant ruling, states in material part as follows: "Upon the denial of a motion for summary judgment on the ground that there is a triable issue as to one or more material facts, the court *shall,* by written or oral order, *specify one or more material facts raised by the motion* as to which the court has determined there exists a triable controversy. This determination shall *specifically refer to the evidence proffered in support and in opposition to the motion which indicates that such triable controversy exists.*" (Italics added.)

Respondent court's order does not satisfy the requirements of the statute. In denying the motion, the trial court held that there existed a triable material controversy as to whether there was a conspiracy to conceal the proceeds of the fraud assertedly committed by one Robert Pollock; whether others (Guiterrez and Young) were members of such a conspiracy; and the date the alleged conspiracy began and ended. The trial court stated that the evidence establishing a triable issue of fact as to these issues was as follows: "(1) Robert Pollock was found to have committed a massive fraud upon the plaintiffs. (2) Robert Pollock continues to thwart plaintiffs' efforts to recover the proceeds of the fraud. (3) It may be inferred that Robert Pollock's activities in this respect have gone on for many years. (4) Young and Guiterrez were employed by Robert Pollock during the period when the initial fraud was being perpetrated. (5) It may be inferred from this that Young and Guiterrez were participants in the initial fraud and may have aided

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

Robert Pollock's activities designed to conceal the proceeds of the initial fraud." Nowhere in the order is any item of evidence specifically referred to in such a way as to show that a triable controversy exists. Nowhere in the order is a conflict in the evidence identified by reference to the evidence in support of a particular asserted fact and the evidence in opposition to that fact.

Subdivisions (f) and (g) of section 437c, which were the result of a 1983 amendment to that statute,[2] require far greater specificity in the denial of motions for summary judgment and summary adjudication of issues than was formerly required. For this reason, the amended statute has not been enthusiastically received by many already overburdened trial judges. Indeed, even appellate judges have questioned the wisdom of the new requirements in the course of enforcing them. (*Tera Pharmaceuticals, Inc.* v. *Superior Court* (1985) 170 Cal.App.3d 530, 532 [215 Cal.Rptr. 923].) Thus it is not entirely surprising that, after expressing his frustration, the trial judge in this case characterized the amended statute as "a disaster" and observed, unhappily, that "it's easier nowadays to grant a summary judgment motion than it is to deny it."

While we are also sympathetic to the plight of a busy trial judge confronted with the exacting requirements of section 437c, so too are we mindful of the value of the new statute. "The value of subdivision (g) is that it encourages the parties and the court to analyze the law before reaching the conclusion that disputed factual issues exist. In the course of identifying the disputed facts and specifying the conflicting evidence, the court may discover, for example, that the facts are not in conflict and that the motion should be either granted or denied on a point of law." (*Continental Insurance Co.* v. *Superior Court* (1985) 165 Cal.App.3d 1069, 1072 [212 Cal.Rptr. 140].)

The burdens imposed upon the trial court by subdivisions (f) and (g) of section 437c will be eased considerably if the court insists, as it should, on strict compliance with subdivision (b) of that statute. Subdivision (b) provides that the papers supporting a motion under section 437c "shall include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence." Subdivision (b) further provides that any opposition to the motion also "shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether

---

[2]Statutes 1983, chapter 490, section 1, pages 1990-1993.

the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts which the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence." (See also, Cal. Rules of Court, rules 343, 345.)

Trial courts possess the ability to enforce abidance to the "separate statement" requirements just set forth, as the failure of a party to comply may, in the court's discretion, constitute a sufficient ground for denying or granting a motion for summary judgment or summary adjudication of issues.[3] (§ 437c, subd. (b).)

Moreover, just as after the nonjury trial of a question of fact a trial court may direct that its proposed statement of decision or proposed judgment be prepared by a designated party (Cal. Rules of Court, rule 232(c), (e)), so too may the court direct counsel for the opposing party to prepare an order denying summary judgment or summary adjudication of issues. Though this practice is not specifically authorized by section 437c, neither is it prohibited by any statute or rule of court.[4] In the absence of such a prohibition, the common law of this state, like that of most others, authorizes a trial court to direct a party to prepare an order accurately reflecting its factual determination and in the form prescribed by law. (*Schoenberg* v. *Romike Properties* (1967) 251 Cal.App.2d 154, 158-159 [59 Cal.Rptr. 359]; *Howard* v. *Howard* (1953) 119 Cal.App.2d 122, 124 [259 P.2d 41]; *Bainbridge* v. *Lachenmaier* (1932) 123 Cal.App. 560, 564 [11 P.2d 671]; Annot., Propriety and Effect of Trial Court's Adoption of Findings Prepared by Prevailing Party (1973) 54 A.L.R.3d 868.) As has been stated, "The busy trial judge has a right to expect that the attorneys will prepare suitable findings." (*Schoenberg* v. *Romike Properties, supra,* 251 Cal.App.2d at p. 158.) It remains true, of course, that "[t]he trial judge is responsible for the findings, not counsel who prepares them at his [or her] direction." (*Rousseau* v. *O'Gara* (1957) 148 Cal.App.2d 676, 678 [307 P.2d 376], citing *Hathaway* v. *Ryan* (1868) 35 Cal. 188, 190-191.)

The record in the instant case is voluminous and confusing. The briefs filed by the parties in the trial court are lengthy and highly discursive. Real

---

[3]Because of the drastic nature of summary judgment and the importance of safeguarding the adverse party's right to trial, judicial discretion to grant a motion for summary judgment or summary adjudication of issues for failure to comply with the "separate statement" requirement of section 437c must, of course, be sparingly exercised only in the most extenuating circumstances.

[4]Compare section 657, which in setting forth the requisites of an order granting new trial prohibits the trial court from directing the attorney for a party to prepare such an order. (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 123-124 [65 Cal.Rptr. 315, 436 P.2d 315] *Estate of Sheldon* (1977) 75 Cal.App.3d 364, 370 [142 Cal.Rptr. 119].)

parties' briefs in particular are exceeding prolix and argumentative and do not begin to comply with the requirements set forth in subdivision (b) of section 437c.

At the final hearing on the motion, and after properly rejecting several orders previously submitted by real parties' counsel, which failed to adequately detail the conflicting evidence, the court orally dictated its order from the bench and authorized counsel to prepare a written order which conformed to the transcript of the court's statement. The written order submitted to and signed by the court does accurately reflect the conclusions orally expressed by the court. However, although the oral and written orders denying summary adjudication as to the ninth and tenth causes of action do "specify one or more material facts raised by the motion as to which the court has determined there exists a triable controversy" (§ 437c, subd. (g)), neither order "specifically refer[s] to the evidence proffered in support of and in opposition to the motion which indicates that such triable controversy exists."

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of August 13, 1985, denying petitioner's motion for summary judgment or summary adjudication of issues as to the ninth and tenth causes of action, to reconsider the motion, and to enter an order in compliance with section 437c, subdivisions (f) and (g) and with this opinion.

Rouse, J., and Smith, J., concurred.