[No. G004036. Fourth Dist., Div. Three. Nov. 4, 1986.]

GREATER IRVINE CREDIT UNION, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
BONITA KENT, Real Party in Interest.

**COUNSEL**

Anderson, McPharlin & Conners and Eric A. Schneider for Petitioner.

No appearance for Respondent and Real Party in Interest.

**OPINION**

**WALLIN, J.**—Bonita Kent obtained a loan from the Greater Irvine Credit Union secured by her 1978 Cadillac Seville. The loan went into default and

the credit union repossessed the car. Kent sued the credit union alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion. She claims she was in bankruptcy with a stay order in effect when the car was repossessed and thus the credit union's initial seizure of the car and subsequent refusal to return it to her were wrongful. The credit union alleges that Kent was in default and repossession was proper under the loan agreement and that she did not notify it of her bankruptcy prior to the repossession.

The credit union brought a motion for summary judgment or, alternatively, for summary adjudication of issues, which was denied. In its minute order, the court stated, "There are triable issues of material [fact] as to whether defendants breached their duty to plaintiff, whether defendants were justified in depriving plaintiff of her property and whether defendants caused a delay in returning plaintiff's property by refusal to reinstate the loan. Declaration of plaintiff and deposition testimony. Defendants have not sustained their burden that there is no triable issue of material fact as to damages."

The credit union petitioned this court for a writ of mandate, contending the trial court failed to specify those issues presenting a material, triable controversy and to refer to the evidence in conflict as required by Code of Civil Procedure section 437c.[1] Without reaching the merits of the credit union's motion, we find the court's order does not meet the requirements of section 437c and grant the writ.

Section 437c, subdivisions (f) and (g), provide that the court's order after a motion for summary judgment or, alternatively, for summary adjudication of issues shall specify those issues that are without substantial controversy and shall specify those material facts and issues raised by the motion as to which there exists a material, triable controversy. The order shall refer to the conflicting evidence regarding each of the triable issues. "By requiring the court to specify one or more material facts in controversy and to specifically refer to the evidence proffered in support of and in opposition to the motion, the Legislature has forced the court to focus its attention upon where the legal issues leave off and the factual issues begin. . . . [¶] The value of subdivision (g) is that it encourages the parties and the court to analyze the law before reaching the conclusion that disputed factual issues exist. In the course of identifying the disputed facts and specifying the conflicting evidence, the court may discover, for example,

---

[1] All statutory references are to the Code of Civil Procedure.

that the facts are not in conflict and that the motion should be either granted or denied on a point of law." (*Continental Ins. Co.* v. *Superior Court* (1985) 165 Cal.App.3d 1069, 1072 [212 Cal.Rptr. 140].)

██ The court's order here falls far short of the specificity required by the statute. It completely fails to identify the conflicts in the evidence that give rise to triable issues of fact, thus undermining the statutory purpose. (See *Young* v. *Superior Court* (1986) 179 Cal.App.3d 28 [224 Cal.Rptr. 405]; *Tera Pharmaceuticals, Inc.* v. *Superior Court* (1985) 170 Cal.App.3d 530 [215 Cal.Rptr. 923], *Continental Ins. Co.* v. *Superior Court, supra,* 165 Cal.App.3d 1069.)

We recognize the time required of the "already overburdened law and motion judges" to fully comply with subdivisions (f) and (g). (*Tera Pharmaceuticals, Inc.* v. *Superior Court, supra,* 170 Cal.App.3d at p. 532.) In *Tera,* this court suggested judges shift the burden by requiring counsel to prepare the detailed order. (*Ibid.*) Another sympathetic court reiterated that suggestion and further advised trial courts to enforce the portion of section 437c requiring the moving and responding parties to detail the evidence supporting their contentions.[2] (*Young* v. *Superior Court, supra,* 179 Cal.App.3d at pp. 31-32.) Counsel can play an even greater role in the production of a proper and useful order by asking the law and motion judge for a formal order, particularly when they intend to file a writ petition. The assumption of this responsibility by counsel should result in better orders and fewer writs, an outcome which we applaud.

The issue presented is one of law, and we see no purpose to be served by issuing an alternative writ. Since the opposing parties have received due notice, the issuance of a peremptory writ in the first instance is appropriate. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying the motion for summary judgment or summary

---

[2]Section 437c, subdivision (b), provides in part: "The supporting papers shall include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. . . . [¶] The opposition papers shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts which the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. . . ."

adjudication of issues, to reconsider the motion, and to enter an order complying with section 437c, subdivisions (f) and (g) and this opinion.

Trotter, P. J., and Crosby, J., concurred.