[No. G015035. Fourth Dist., Div. Three. Nov. 22, 1993.]

PAYLESS DRUG STORE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
JACQUELINE PARKS-BUTCHER, Real Party in Interest.

**COUNSEL**

Edwin Carney for Petitioner.

No appearance for Respondent.

Lopez & Hodes and Michael E. Raabe for Real Party in Interest.

**OPINION**

**MOORE, (E. C.), J.\***—Real party in interest, Jacqueline Parks-Butcher, claims to have suffered injuries as a result of actions of petitioner, Payless Drug Store. According to Parks-Butcher, Payless's delay in filling her prescription for an antibiotic, allegedly because Payless mistakenly believed that Parks-Butcher was allergic to the prescribed antibiotic, caused her to suffer a severe infection. Payless, however, maintains that Parks-Butcher knew about this alleged mistake more than a year before she filed her complaint and based on the statute of limitations brought a motion for summary judgment against her. On October 6, 1993, that motion was heard and denied. The court's ruling was, "I am not convinced. The court is going

---

*Judge of the Orange Superior Court sitting under assignment by the Chairperson of the Judicial Council.

to deny the motion." When asked by Payless to state the facts in dispute, the judge replied, "As stated in counsel's moving papers, Counsel. The opposition papers." No order was prepared and the court gave no other reasons for denying the motion.

Code of Civil Procedure section 437c, subdivision (g) provides that upon the denial of a motion for summary judgment the court shall by written or oral order specify one or more material facts raised by the motion as to which the court has determined there exists a triable controversy. "[T]he court shall specifically refer to the evidence proffered in support of and in opposition to the motion which indicates that such triable controversy exists." (*Tera Pharmaceuticals, Inc.* v. *Superior Court* (1985) 170 Cal.App.3d 530, 532 [215 Cal.Rptr. 923].)

Payless sought extraordinary relief. We issued an order stating that the petition for writ of mandate/prohibition may have merit and that, pursuant to *Tera Pharmaceuticals, Inc.* v. *Superior Court, supra,* 170 Cal.App.3d 530, this court was considering issuing a peremptory writ in the first instance.

Code of Civil Procedure, section 1088 provides for the issuance of a peremptory writ in some situations "upon due notice." Absent urgent or exceptional circumstances justifying expedited resolution of a petitioner's writ application, an alternative writ should first be issued. (*Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218 [23 Cal.Rptr.2d 397, 859 P.2d 96].)

In this case, we invited and received informal replies from the real parties in interest. Real party, however, did not even address the issue referred to in the order. Exceptional and unusual circumstances do exist. Until the trial court states its reasons for denying the motion for summary judgment, it is impossible for this court to decide whether extraordinary relief is appropriate.

Further proceedings would add nothing to our review. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178 [203 Cal.Rptr. 266, 681 P.2d 893].) There has been clear error under well-settled principles of law. (*Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].) Entitlement to relief is so obvious that additional briefing and oral argument would serve no useful purpose.

Let a peremptory writ of mandate issue directing the Orange County Superior Court to make an appropriate order under Code of Civil Procedure 437c, subdivision (g) and *Tera Pharmaceuticals, Inc.* v. *Superior Court, supra,* 170 Cal.App.3d 530.

This opinion shall be final as to this court 15 days after it is filed. (Cal. Rules of Court, rule 24(d).)

Sills, P. J., and Wallin, J., concurred.