[No. C045867. Third Dist. Feb. 7, 2005.]

LINDA CARNES, Plaintiff and Appellant, v.
THE SUPERIOR COURT OF PLACER COUNTY, Defendant and
Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Under California Rules of Court, rules 976(b) and 976.1, only the Introduction, part I, and the Disposition are certified for publication.

## COUNSEL

George F. Allen for Plaintiff and Appellant.

Porter, Scott, Weiberg & Delehant and Nancy J. Sheehan for Defendant and Respondent.

OPINION

**ROBIE, J.—**

## INTRODUCTION

After her probationary employment was terminated allegedly for the discourteous treatment of a coemployee and for insubordination to her supervisor, plaintiff Linda Carnes sued her employer, the Superior Court of Placer County (hereafter PCSC), for disability discrimination, harassment on account of disability, failure to reasonably accommodate her disabilities, and retaliation. From a summary judgment in favor of PCSC, Carnes appeals, contending there were triable issues of material fact. We agree, but only with respect to Carnes's causes of action for harassment and retaliation. Accordingly, in the unpublished portion of the opinion, we will reverse the judgment and direct the trial court to vacate its order granting summary judgment and enter a new order granting summary adjudication of Carnes's causes of action for discrimination and failure to reasonably accommodate her disabilities in favor of PCSC, but denying summary adjudication of Carnes's causes of action for harassment and retaliation.

## FACTUAL AND PROCEDURAL BACKGROUND[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I

#### *The Summary Judgment Motion*

PCSC's summary judgment motion came on for hearing before a visiting judge on October 10, 2003. The judge did not make a tentative ruling before the hearing, and at the outset of the hearing admitted he had only "sort of scanned" the papers that had been filed but would "read every word before I make any rulings." At the end of the hearing, the judge took the matter under submission.

Two weeks later, the judge issued his written ruling, which read in its entirety: "The Court grants defendants [*sic*] Motion for Summary Judgment and adjudicates each cause of action in defendants [*sic*] favor. Defendant to prepare the form of this order and include and [*sic*] all findings necessary to support this order." PCSC prepared a 14-page proposed order that included

---

[*]See footnote, *ante*, page 688.

rulings on both parties' evidentiary objections, on which the judge had never expressed an opinion. Carnes objected to the proposed order on the ground that it did "not comply" with subdivision (g) of Code of Civil Procedure section 437c.[2] Notwithstanding Carnes's objection, the judge signed and filed the order, and the accompanying judgment of dismissal.[3]

Carnes contends it was improper for the judge to sign, "without alteration, a 14 page Order prepared by the attorney defending the Superior Court in the lawsuit against that Court," when the judge's own ruling on the motion "provided not even a hint of the basis for its ruling." According to Carnes, the judge "completely abdicated his responsibility to provide an explanation of why he was denying [her] a trial." (Italics omitted.)

PCSC contends the judge's actions were consistent with the practice sanctioned almost 20 years ago in *Tera Pharmaceuticals, Inc. v. Superior Court* (1985) 170 Cal.App.3d 530 [215 Cal.Rptr. 923]. There, the appellate court found fault in an order denying two summary judgment motions because the order "fail[ed] to indicate whether any issues raised by the motions [we]re without substantial controversy" and "it completely fail[ed] to detail the conflicting evidence regarding each triable issue of fact," as required by the summary judgment statute. (*Id.* at p. 532.) In ordering the trial judge to enter an order that complied with the statute, the appellate court noted: "While we may question the wisdom of imposing yet another procedural requirement on already overburdened law and motion judges, we see no alternative. Of course judges should shift the burden to counsel, where it belongs, and require the preparation of an attorney order specifying the disputed issues and citing the relevant evidence." (*Ibid.*; see also *Young v. Superior Court* (1986) 179 Cal.App.3d 28, 32 [224 Cal.Rptr. 405].)

■ Although we agree that *Tera Pharmaceuticals* approves (appropriately) of shifting to counsel the burden of preparing a formal order on a motion for summary judgment, we do not read that case as sanctioning, nor do we sanction, the total abdication of judicial responsibility that occurred here: to wit, granting a summary judgment motion without *any* specification of the reasons for doing so, then directing counsel for the prevailing party to prepare an order "includ[ing] and [*sic*] all findings necessary to support th[e] order," without telling the prevailing party what any of those "findings" should be.

---

[2] We grant Carnes's unopposed motion to augment the record on appeal to include the documents lodged with the trial court showing Carnes objected to the initial order and the later amended order (discussed below).

[3] In March 2004, after the notice of appeal was filed, the court entered an amended order that included an award of costs in favor of PCSC. As she had with the original order, Carnes objected to the amended order, this time on the ground that "the circumstances under which it was created do not comply with CCP § 437c(g)."

The impropriety of the judge's action in this case is highlighted by the fact that the judge granted the motion for summary judgment without having made any rulings on the parties' evidentiary objections, even though the parties requested such rulings at the hearing. Thus, at the time the judge granted the motion and told PCSC's counsel to prepare the order granting the motion, it would have been impossible for counsel to determine what evidence the judge found admissible and what evidence the judge found inadmissible in granting the motion. The judge's determination of what evidence was admissible and what was inadmissible became apparent only later, after the judge signed the order PCSC's counsel had prepared containing rulings on the evidentiary objections—rulings which PCSC's counsel apparently had come up with on their own, without any input from the judge.[4]

■ Certainly it is not improper for a judge to adopt as his or her own the reasoning a defendant proposes for granting a motion for summary judgment, provided that reasoning is sound and the judge critically evaluates the reasoning before adopting it. Where, as here, however, a judge simply grants the motion, then asks the prevailing party to provide the court with the reasoning that will support that result, confidence in the court's integrity is seriously and legitimately undermined.

Notwithstanding our disapproval of the process by which the judge made his order in this case, that process does not compel reversing the judgment. Contrary to Carnes's argument, the judge did not fail to comply with subdivision (g) of Code of Civil Procedure section 437c. In relevant part, that statute provides: "Upon the grant of a motion for summary judgment, on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of, and if applicable in opposition to, the motion which indicates that no triable issue exists. The court shall also state its reasons for any other determination. The court shall record its determination by court reporter or written order."

By signing the order PCSC's counsel prepared, the judge adopted that order as his own, and thus that order is the order required by Code of Civil Procedure section 437c, subdivision (g), which states the court's "reasons for its determination." Carnes points to nothing in the record suggesting the judge adopted the proposed order without any critical analysis whatsoever. Thus, we must presume the judge reviewed the order and determined that the reasons expressed therein for granting the motion were sound.

[4] To the credit of PCSC's counsel, we note that the evidentiary rulings they prepared and which the judge adopted were not entirely favorable to PCSC. One of the rulings overruled an objection by PCSC and another sustained an objection by Carnes.

■ In any event, and more importantly, because our review of the merits of the motion is de novo, "[i]n practical effect, we assume the role of a trial court and apply the same rules and standards that govern a trial court's determination of a motion for summary judgment." (*Distefano v. Forester* (2001) 85 Cal.App.4th 1249, 1258 [102 Cal.Rptr.2d 813].) "Regardless of how the trial court reached its decision, it falls to us to examine the record de novo and independently determine whether that decision is correct." (*Colarossi v. Coty US Inc.* (2002) 97 Cal.App.4th 1142, 1149 [119 Cal.Rptr.2d 131].) Since we give no deference to the judge's ruling (see *Estate of Brenzikofer* (1996) 49 Cal.App.4th 1461, 1466 [57 Cal.Rptr.2d 401]), let alone his reasoning, it does not matter for purposes of this appeal that the judge adopted PCSC's reasoning for granting the motion, even if he did so without critical analysis. The sole question properly before us on review of the summary judgment is whether the judge reached the right *result*—i.e., entry of judgment in favor of PCSC—whatever path he might have taken to get there, and we decide that question independently of the trial court.[5] (See *Salazar v. Southern Cal. Gas Co.* (1997) 54 Cal.App.4th 1370, 1376 [63 Cal.Rptr.2d 522] [on review of summary judgment, an appellate court "reviews the ruling, not the rationale"].)

■ A different analysis is required for our review of the trial court's wholesale adoption of defendant's rulings on evidentiary objections. Although it is often said that an appellate court reviews a summary judgment motion "de novo," the weight of authority holds that an appellate court reviews a court's final rulings on evidentiary objections by applying an abuse of discretion standard. (See *Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1169 [121 Cal.Rptr.2d 79]; *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 192, fn. 15 [70 Cal.Rptr.2d 96]; but see *City of South Pasadena v. Department of Transportation* (1994) 29 Cal.App.4th 1280, 1291 [35 Cal.Rptr.2d 113].) We agree with this weight of authority.

■ In the instant case, we have no confidence that it is the discretion of the trial court (as opposed to defendant's attorneys) that we are reviewing. Nonetheless, reversal is not required. Plaintiff does not contend that any of the evidentiary rulings were incorrect. "Anyone who seeks an appeal to predicate a reversal of [a judgment] on error must show that it was prejudicial. (Cal. Const., art. VI, § 13.)" (*People v. Archerd* (1970) 3 Cal.3d 615, 643 [91 Cal.Rptr. 397, 477 P.2d 421].) Plaintiff has failed to show she was prejudiced by the trial court's adoption of evidentiary rulings proposed by defendant's attorneys.

---

[5] However, for reasons stated in the unpublished part of this opinion, the judgment must be reversed as to the harassment cause of action.

II–VII[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order granting the motion for summary judgment and enter a new order granting the motion for summary adjudication as to the causes of action for discrimination and failure to reasonably accommodate, but denying the motion for summary adjudication as to the causes of action for harassment and retaliation for the reasons stated in this opinion. Plaintiff shall recover her costs on appeal. (Cal. Rules of Court, rule 27(a).)

Sims, Acting P. J., and Raye, J., concurred.

A petition for a rehearing was denied March 1, 2005, and the opinion was modified to read as printed above.

[*]See footnote, *ante*, page 688.