Filed 3/27/13  Mohamed v. City and County of San Francisco CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SHABAN MOHAMED,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant and Respondent. | A134942<br><br>(San Francisco County<br>Super. Ct. No. CGC-11-507994) |

## I. INTRODUCTION

Appellant Mohamed appeals from the trial court's grant of summary judgment to respondent City and County of San Francisco (hereafter CCSF or respondent) in a tort action brought by appellant against CCSF based on a dispute and an ensuing physical altercation that occurred at the San Francisco International Airport (SFO) when a San Francisco police officer asked for, and appellant refused to produce, papers demonstrating his right to solicit for limousine passengers there.  We agree with the trial court that appellant presented no evidence nor argument rebutting the showing made by respondent in its moving papers.  Nor has he done so in this court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 2010, appellant, a licensed limousine driver, was at SFO.  San Francisco Police Officer Kenneth Canedo was also at SFO, and he observed appellant and another person "loitering in the area where passengers can be picked up by cars, taxis or limousines."  Both men noticed him, and then walked away, leading the officer to

1

suspect that "they were engaging in illegal solicitation of passengers without proper licenses . . . ." Canedo thus "followed the men down an escalator and asked them to produce photo identification and their waybills," which are documents authorizing them to solicit passengers for limousine service at SFO. (Ibid.) Per the uncontradicted declaration of Canedo, "limousine drivers must keep copies of their waybills as well as photo identification on their person at all times." However, appellant refused Canedo's request and became quite agitated and aggressive toward the officer, including "waving his hands in the air, moving back and forth, and crossing his arms over his chest." Because both appellant and his companion were "large men" and also due to appellant's "growing aggression," Canedo called for backup help. Once that help arrived, Canedo told appellant he was under arrest and, placing his hands on appellant's left arm, attempted to handcuff him. However, appellant "pulled away, and swung himself, a backup officer, and me in a circle as we attempted to make the arrest." His resistance continued "by pulling his arms away from and attempting to get out of our grip" and then, when the officers finally had him on the ground, via resisting "our efforts to handcuff him" and not permitting "his hands to be handcuffed until two more SFPD officers gave assistance."

On February 7, 2011, appellant filed, in pro per, a complaint against CCSF alleging both negligence and an intentional tort regarding the SFO incident. It alleged, as to both causes of action, that appellant "was battered, accosted, shoved, physically and emotionally injured and otherwise traumatized by Airport police during an unmerited, illegal and violently excessive unwarranted arrest." Although not included in the record provided us by appellant, CCSF filed an answer to the complaint on May 16, 2011.

After appellant's failure to conduct any discovery regarding his claims, CCSF moved for summary judgment, contending that the CCSF officers involved in appellant's detention and arrest used reasonable force in so doing. On November 29, 2011, appellant—now represented by counsel—filed an opposition; CCSF responded on December 13, 2011.

CCSF's motion for summary judgment was argued before the trial court (the Honorable Marla Miller) on December 23, 2011, and granted the same day. The trial court specifically noted the total lack of any evidence presented by appellant that the CCSF officers acted unreasonably.

Judgment in favor of CCSF on its motion for summary judgment was entered on January 13, 2012, and notice of that entry five days later.

Appellant filed a timely notice of appeal on March 12, 2012.

### III. DISCUSSION

Because of the lack of any either cognizable argument or understandable evidence presented to either the trial court or this court by appellant, we have no difficulty in affirming the judgment of the lower court.

In his February 7, 2011, in pro per complaint filed in the superior court (a form complaint), appellant summarized what had allegedly happened to him on the day in question, February 13, 2010, in one sentence—quoted above. Thereafter, he conducted no discovery whatsoever either before or after CCSF moved for summary judgment on September 30, 2011. Attached to that motion was a supporting declaration by Officer Canedo and CCSF's Statement of Undisputed Facts. In its two-and-a-half page brief in support of its motion, CCSF summarized the underlying facts regarding appellant's arrest. In so doing, it used the word "undisputed" at least four times in reciting what had happened at SFO on the day in question.

As noted above, on November 29, 2011, appellant, via his counsel, filed a brief in opposition to CCSF's summary judgment motion. At the same time, he filed (1) a document supposedly listing his "RESPONSES AND SUPPORTING EVIDENCE" to CCSF's Statement of Undisputed Facts, (2) five pages of the reporter's transcript from the criminal trial of appellant[1] which apparently included testimony by Officer Canedo as

---

[1] Although the record is unclear on this issue, according to appellant's superior court brief in opposition to CCSF's motion for summary judgment, the criminal proceeding against appellant initiated by his arrest by Officer Canedo was dismissed by the District Attorney.

3

to the incidents leading to appellant's arrest, (3) a single page of an "Incident Report" filed by the "Airport Bureau" of the SFPD, presumably authored by Officer Canedo and partially describing, in an incomplete paragraph, his recollection of some of the events preceding the scuffle between appellant and the SFPD officers at SFO and, finally (4) a signed declaration of appellant. The last document states only the following: "I, Shaban Mohamed, Declare: [¶] I am the Plaintiff in the instant case. [¶] I have read the foregoing documents submitted herewith, and as to the information contained in the attached opposition, I know of same from personal knowledge and could testify re same under oath if asked or required to do so. [¶] I swear the foregoing is true and correct under penalty of perjury of the laws of the State of California."

As the trial court correctly found in its order granting CCSF's motion for summary judgment, appellant's filings with that court were totally inadequate. The court noted that, among other things, his "declaration does not recite any facts and it is the only declaration supporting the opposition to the motion. Plaintiff's exhibits are unidentified and not authenticated." Indeed, in an order filed the same day as its order granting summary judgment, that court sustained CCSF's objections to both appellant's proffered exhibits because none of them were authenticated and also to his "Declaration," because it was clearly defective on multiple grounds, i.e., lack of personal knowledge, hearsay, and irrelevance. In his sole brief to us (appellant filed no reply brief), not only does appellant not contest this ruling, it is not even mentioned.[2]

Additionally, per Code of Civil Procedure section 437c, subdivision (b)(3),[3] a party opposing a motion for summary judgment must file papers responding "to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. . . . Each material fact

_____

[2] Indeed, as CCSF notes, nowhere in appellant's short, strange, and totally inadequate brief to us is there any citation to any portion of the record in the trial court. Nor did appellant request or file a reporter's transcript of any portion of his criminal trial or the argument on the motion for summary judgment before the court below.

[3] All subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

4

contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (§ 437c, subd. (b)(3).) That statute then goes on to provide that a motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court . . . ." (*Id.*, subd. (c).)

Based on these standards, appellant's opposition to CCSF's motion for summary judgment was totally inadequate for, among other reasons, these: (1) as noted above, it contains absolutely no citation to the record before the trial court; (2) appellant's short declaration at the end of his opposition papers does not recite, attest or swear to any facts or evidence at all but, as noted above, merely says that he "could testify under oath" as to some of the facts in those papers; he never asserts that any of those facts (and, as noted, there are very few facts recited in those papers) are true; (3) the two exhibits attached to appellant's opposition are not identified at all much less authenticated; indeed, one has to surmise that the transcript pages are from the criminal trial of appellant; (4) the single page from the "Incident Report" is neither identified nor authenticated and, also, is obviously incomplete[4]; and, finally (5) appellant's response to CCSF's Statement of Undisputed Facts is totally defective because it does not state whether any fact asserted by CCSF is, in fact, disputed or undisputed and, indeed, never even uses those words in its text.

As a result of these many inadequacies in appellant's opposition to CCSF's motion for summary judgment—and other inadequacies which are unnecessary to recite—the trial court properly granted that motion. As noted above, it specifically and properly

---

[4] The text at the bottom of the page concludes in the middle of a sentence, apparently composed by Officer Canedo, which says only: "He did" and then ends.

5

sustained CCSF's objections to the three unauthenticated exhibits and the totally inadequate declaration of appellant that were a part of that opposition. More importantly, it also stated—and clearly correctly—that, in his opposition, appellant had failed "to produce evidence showing the existence of a triable issue of material fact" because his "declaration does not recite any facts and it is the only declaration supporting the opposition to the motion" because, among other things, his purported "exhibits are unidentified and not authenticated."[5]

In appellant's four-plus-page brief to us (as noted above, he filed no reply brief), he devotes the first three pages to the underlying facts giving rise to the litigation in the trial court. He then states that our standard of review is abuse of discretion,[6] and then devotes a single paragraph to his argument as to why there was an abuse here. However, normally, review of a grant of summary judgment is undertaken under a de novo standard of review. (See, e.g., *Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767; *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334-335.) Thus, we find it rather curious that appellant's counsel did not at least argue that such a standard of review applies here. However, we agree that where, as here, the trial court's ruling on a summary judgment

_____

[5] In the same order, the trial court also denied appellant's "belated request to amend his complaint or his opposition." Although appellant asserts that this was an abuse of discretion by the trial court, he does not explain why that is so or, for that matter, even supply this court with a copy of any written request to be permitted to amend either "his complaint or his opposition." Such was clearly not requested in appellant's opposition to CCSF's motion for summary judgment. And we do not know if such was verbally requested in the December 23, 2011, oral argument before the trial court because appellant has not supplied us with a reporter's transcript of that argument. Indeed, he specifically did not request such a transcript. Without such, this court has no basis to review any ruling (if there was any) by the trial court regarding any motion by appellant to amend his opposition to the motion for summary judgment. (See, e.g., *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

[6] Albeit in so doing, appellant's counsel miscites the sole case he references. He cites it as "*Cladey v. Lord* (1891) 87 Cal.4th 13." Assuming, without conceding, that such ancient authority is properly provided in these circumstances, the correct citation is *Clavey v. Lord* (1891) 87 Cal. 413.

motion rests on the quality of the evidence presented to it by the parties an abuse of discretion standard of review is, in fact, applicable. (See, e.g., *Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694; *Miranda v. Bomel Construction Co., Inc.* (2010) 187 Cal.App.4th 1326, 1335.)

In any event, appellant's argument that the trial court abused its discretion in its ruling totally fails. In the first place, under that standard of review, an appellate court will reverse a trial court ruling only when there has been a showing of " ' "a clear case of abuse" ' " and a resulting miscarriage of justice. (See, e.g., *Blank v. Kirwan* (1985) 39 Cal.3d 311, 331; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; see also *Jennifer C. v. Los Angeles Unified School Dist.* (2008) 168 Cal.App.4th 1320, 1332.) Particularly in view of appellant's inadequate filings in opposition to CCSF's motion for summary judgment, detailed above, there was no abuse of discretion by the trial court in its rulings.

Appellant's short and only brief to us is bereft of any citation to any statute, case law (other than the miscited case noted in footnote 5, *ante*), or any other legal authority. Perhaps even more importantly, other than a few general references to the "Transcript", appellant's counsel cites to nothing whatsoever in the record before us, i.e., the clerk's transcript and the augmented record provided by respondent CCSF.

Further, appellant provides us with no substantive bases whatsoever upon which this court could consider a reversal of the trial court's grant of summary judgment. All he says in his one-paragraph argument in his sole brief to us is that the trial court dismissed his case "by a ruling granting Defendant's [sic] their MSJ based on the Court's finding that Defendant merely swore that he 'read' the information set forth in his MSJ opposition and that the information he 'read' was true and correct under penalty of perjury. His omission, again, said the Court was not stating directly that 'said facts were true.' The distinction, asserts Plaintiff, is merely procedural. The failure to so rule was in the Court's discretion, and it failed to apply same in a manner consistent with good justice."

To the extent this argument is understandable, we cannot and do not accept it. Appellant has totally failed to (1) comply with the statutory guidelines applicable to

motions for summary judgment (i.e., §§ 437c & 2015.5), (2) cite to this court or the trial court any pertinent references to the record before the trial court, (3) cite to either court any pertinent case or other legal authority supporting his position, or (4) provide the trial court with authenticated evidence supporting his arguments as to why CCSF's motion for summary judgment should not be granted, i.e., any specific triable issues of material fact supported by "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (§ 437c, subd. (b)(2).) The trial court did not, indeed even slightly, abuse its discretion in refusing to accept as evidence the attachments to appellant's opposition to CCSF's motion for summary judgment or in, thereafter, granting that motion.

Further, even if a de novo standard of review is applicable here, the result would be the same: as just noted, appellant has presented absolutely no legal argument as to why the trial court's ruling was not correct based on the facts presented to it in CCSF's motion for summary judgment.

## IV. DISPOSITION

The judgment appealed from is affirmed. The clerk of this court is ordered to forward a copy of this opinion to the State Bar of California for investigation and possible discipline because of the totally inadequate (a) opposition filed in the trial court to CCSF's motion for summary judgment and (b) briefing in this court. Roni

8

Rotholz, appellant's counsel, is hereby notified that the matter has been referred to the State Bar.

_____
Haerle, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.