Filed 10/30/14  Menjivar v. JP Morgan Chase Bank CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANA M. MENJIVAR,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A., et al.,<br><br>        Defendants and Respondents. | A139084<br><br>(Sonoma County<br>Super. Ct. No. SCV249290) |

**INTRODUCTION**

Plaintiff Ana M. Menjivar appeals from the trial court's order dismissing her case after defendants JPMorgan Chase Bank, N.A. (Chase), the Federal National Mortgage Association (Fannie Mae), and the California Reconveyance Company (CRC) successfully brought a motion for summary adjudication of her causes of action to quiet title and for unjust enrichment.  Plaintiff claims the court erred in making certain evidentiary rulings.  We affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 21, 2004, plaintiff executed a deed of trust (DOT), which secured a $296,000 adjustable rate note (Note) encumbering real property located at 123 Railroad Avenue in Cloverdale (Subject Loan, or Loan).  The lender under the Note and DOT was Washington Mutual Bank, FA (WaMu).  The trustee under the DOT was CRC.  The DOT was recorded with the Sonoma County Recorder on September 24, 2004.

1

Subsequently, the Note was indorsed in blank by WaMu in connection with the sale of the Subject Loan to Fannie Mae. After the Note was sold, WaMu remained the servicer of the Loan on behalf of Fannie Mae. Chase has been collecting payments pursuant to the Note since January 2009.

In 2010, plaintiff became delinquent on her property taxes. She also became delinquent on the Loan in December 2010. At the time the motion for summary adjudication was filed, she was in arrears in the amount of 23 Loan payments. As of July 15, 2012, the total amount due and owing under the Loan was approximately $316,838.

On July 25, 2011, plaintiff filed the operative first amended complaint (FAC). The FAC asserts three causes of action: (1) quiet title; (2) unjust enrichment; and (3) accounting.

On August 13, 2012, plaintiff filed a motion to compel further responses to discovery propounded to Fannie Mae.

On October 4, 2012, defendants filed a motion for summary adjudication seeking adjudication of each of the FAC's three causes of action. The motion was supported by, among other things, the declaration of Karina Mirzoyan (a senior research specialist of Chase) and a request for judicial notice.

On December 19, 2012, the trial court filed an order denying plaintiff's motion to compel.

The motion for summary adjudication was heard on January 8, 2013. The trial court granted the motion as to the FAC's first two causes of action for quiet title and unjust enrichment, and denied the motion as to the third cause of action for accounting.

On April 25, 2013, the trial court filed its order dismissing plaintiff's case in its entirety. This appeal followed.

**DISCUSSION**

## I. *Standard of Review*

"A summary adjudication motion is subject to the same rules and procedures as a summary judgment motion. Both are reviewed de novo. [Citations.]" (*Lunardi v. Great-West Life Assurance Co.* (1995) 37 Cal.App.4th 807, 819.) "A defendant is entitled to summary judgment if the record establishes as a matter of law that none of the plaintiff's asserted causes of action can prevail. [Citation.]" (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107.) Generally, "the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) In moving for summary judgment, "[a]ll that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action—for example, that the plaintiff cannot prove element X." (*Id.* at p. 853.)

Although we independently assess the grant of summary adjudication, our inquiry is subject to several constraints. Under the summary judgment statute, we examine the evidence submitted in connection with the summary adjudication motion, with the exception of evidence to which objections have been appropriately sustained. (*Mamou v. Trendwest Resorts, Inc.* (2008) 165 Cal.App.4th 686, 711; Code Civ. Proc., § 437c, subd. (c).) Furthermore, our review is governed by a fundamental principle of appellate procedure, namely, that " '[a] judgment or order of the lower court is presumed correct . . . and [thus,] error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) Under this principle, plaintiff bears the burden of establishing error on appeal, even though defendants had the burden of proving its right to summary adjudication before the trial court. (*Frank and Freedus v. Allstate Ins. Co.*

3

(1996) 45 Cal.App.4th 461, 474.)  For this reason, our review is limited to contentions adequately raised in plaintiff's brief.  (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125-126.)

## II.  Motion to Compel

Plaintiff claims the trial court erred in denying her August 13, 2012 motion to compel Fannie Mae with respect to 12 enumerated discovery requests.  All of the requests had been set forth in her third set of requests for production of documents.  The requests sought various documents pertaining to the Note and to her mortgage account, including wire transfer instructions, purchase agreements, evidence of payments, and accounting records, along with the so-called "Custodial Agreement" and "Schedule of Mortgages."  In its order denying the motion, the court found, "[u]nder the facts of this case, Plaintiff's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence."

" 'Management of discovery generally lies within the sound discretion of the trial court.'  [Citation.]  'Where there is a basis for the trial court's ruling and it is supported by the evidence, a reviewing court will not substitute its opinion for that of the trial court. [Citation.]  The trial court's determination will be set aside only when it has been demonstrated that there was "no legal justification" for the order granting or denying the discovery in question.' "  (*Maldonado v. Superior Court* (2002) 94 Cal.App.4th 1390, 1396-1397.)  The foregoing standard is highly deferential to the trial court; however, plaintiff faces an additional burden: "Because plaintiff[] did not seek writ review of the trial court's denial of [her] motion to compel, and instead sought review only on appeal from the judgment that followed defendants' successful summary [adjudication] motion[], [she] must show not only that the trial court erred, but also that the error was prejudicial; i.e., [she] must show that it is reasonably probable the trial court would not have granted summary judgment against [her] if the court had granted [her] motion to

4

compel.  [Citation.]"  (*Lickter v. Lickter* (2010) 189 Cal.App.4th 712, 740.)  As we demonstrate below, plaintiff has failed to make this showing.

### III.  Cause of Action for Quiet Title

In order to state a cause of action for quiet title, a plaintiff must allege facts establishing:  (1) a description of the subject property; (2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the claims adverse to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title of the plaintiff against adverse claims.  (Code Civ. Proc., § 761.020, subds. (a)-(e).)  In addition, a plaintiff seeking to quiet title in the face of foreclosure must allege tender or an offer of tender of the amount borrowed.  (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512.)  Plaintiff did not plead tender, presumably because foreclosure proceedings had yet to commence.

In her FAC, plaintiff asserted that defendants' claims "are adverse to [her] because [she] is informed and believes that none of the Defendants is a holder of the Note; none of them is an owner of the Note, none of them can prove any interest in the Note or that they are even in possession of the Note; and none of them can prove that the Note is secured by the deed of trust."  She did, however, admit that "there is a note obligation to unknown parties," but claimed that "such debt is unsecured as a result of the actions of [WaMu] and/or Defendants in separating the note and deed of trust."

The critical rulings of the trial court on summary adjudication were that:  (1) securitization[1] of a note does not affect parties' interests in a loan, and (2) Chase established it had an interest in the Note.  We observe it is undisputed that Chase is in

---

[1] "In simplified terms, 'securitization' is the process where (1) many loans are bundled together and transferred to a passive entity, such as a trust, and (2) the trust holds the loans and issues investment securities that are repaid from the mortgage payments made on the loans."  (*Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1082, fn. 1.)

5

possession of the original promissory Note between plaintiff and WaMu. Significantly, the Note provides: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder'." It is also undisputed the FDIC, by way of a purchase and assumption agreement executed on September 25, 2008, transferred certain assets and liabilities of WaMu, including the defunct bank's loan portfolio, to Chase.

Given these facts, to show prejudicial error in the denial of her motion to compel, plaintiff would have to persuade us that had the trial court required Fannie Mae to comply with the 12 enumerated discovery requests, it is reasonably probable the evidence would have constituted, or somehow led to, admissible evidence sufficient to raise a triable issue of fact as to whether any of the defendants was the current holder of the Note and could prove an interest in the Note. Plaintiff has not tried to do this. Instead, she argues only that if "the parties purporting to be the lender or successor to the lender have engaged in no actual transactions in which the loan was originated or acquired, then the claims and documents upon which her opposition relies, are obviously a sham." Under the circumstances of this case, this allegation is not sufficient to demonstrate prejudicial error in the denial of the motion to compel.

While plaintiff somewhat disingenuously asserts that this "is not a foreclosure case," the action here is essentially a preemptive claim for wrongful foreclosure. California cases have held that in a post-foreclosure action alleging imperfections or irregularities in the foreclosure process or the foreclosing party's chain of title, the borrower must allege that the claimed imperfections were actually prejudicial to his or her interests or led to injury or damage. (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507-1508; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 (*Fontenot*); *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85 (*Siliga*).) Where an assignment of a loan or deed of trust has been made in an improper manner or by someone lacking authority, the

6

borrower ordinarily suffers no injury, as the assignment does not alter the borrower's obligation to repay the loan, but "merely substitute[s] one creditor for another, without changing [the borrower's] obligations . . . ." (*Fontenot, supra,* 198 Cal.App.4th at p. 272.) Thus, the borrower has no standing to complain about any alleged lack of authority of an assignor or any other defect in the assignment. (*Siliga, supra,* 219 Cal.App.4th at p. 85; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515 (*Jenkins*).)

As courts have concluded, the "true victim" of an unauthorized or invalid transfer is the "individual or entity that believes it has a present beneficial interest in the promissory note [who] may suffer the unauthorized loss of its interest in the note." (*Jenkins, supra,* 216 Cal.App.4th at p. 515; accord, *Fontenot, supra,* at p. 272; *Herrera, supra,* at p. 1508.) The borrower may not attempt to take advantage of "the theoretical claims of hypothetical transferors and transferees" to assert causes of action for declaratory relief or wrongful foreclosure. (*Jenkins, supra,* at p. 515.) Accordingly, even if the trial court erred in denying the motion to compel, we would find the error did not prejudice plaintiff because any irregularities in the underlying transactions would not be adverse to her as they did not alter her existing obligation to repay the Loan.

## IV. Claim for Unjust Enrichment

The same rationale applies to Plaintiff's claim for unjust enrichment. In her second cause of action, she alleged that the obligations owed to WaMu under the DOT "were fulfilled and the note was fully paid when [WaMu] received sale proceeds through securitization of the note." She asserts Chase accepted her payments and retained them "while knowing it did not acquire any such right from [WaMu] and further knowing [WaMu] was not a beneficiary under [her] Note on the date [WaMu]'s assets were purportedly transferred to [Chase]."

We first observe that appellate courts have held that unjust enrichment is not a cause of action or even a remedy, but rather " ' "a general principle, underlying various legal doctrines and remedies" ' . . . . [Citation.] It is synonymous with restitution.

7

[Citation.]" (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793.) Unjust enrichment has also been characterized as describing "the result of a failure to make restitution . . . ." (*Lauriedale Associates, Ltd. v. Wilson* (1992) 7 Cal.App.4th 1439, 1448.)

Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another. [Citations.] A person is enriched if the person receives a benefit at another's expense. [Citation.]" (*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662.) However, "[t]he fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it. [Citation.]" (*Id.* at p. 1663, italics in original.) Again, even if plaintiff obtained evidence of irregularities in the procedures by which Chase came into possession of the Note, as to plaintiff, these irregularities do not alter her own Loan repayment obligations.

## V. *Objections to Mirzoyan Declaration*

Plaintiff claims the trial court erred in not sustaining her objections to the Mirzoyan declaration. She objected below to the entire declaration on the grounds that Mirzoyan failed to aver that she had personal knowledge of the facts set forth therein. She also raised various objections to defendants' request for judicial notice of the purchase and assumption agreement and affidavit of the FDIC, including hearsay and lack of foundation. We review a trial court's ruling on evidentiary objections in summary adjudication litigation for abuse of discretion. (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694.) Abuse of discretion means that the ruling "exceeds the bounds of reason, all of the circumstances before it being considered." (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 498.) Here, we find no abuse of discretion.

Plaintiff asserts again on appeal that Mirzoyan lacked sufficient personal knowledge to establish the chain of title. She cites to no legal authority for this

proposition. In the absence of such authority, we deem the argument waived. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) "[P]arties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's . . . issue as waived." (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.)

## DISPOSITION

The judgment of dismissal is affirmed.

_____
Dondero, J.

We concur:

_____
Humes, P.J.

_____
Banke, J.