Filed 6/10/15  Storer v. E Street MX CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| SCOTT A. STORER, | |
| Plaintiff and Appellant, | C069832 |
| v. | (Super. Ct. No. YCSCCVPO100000747) |
| E STREET MX, INC., et al., | |
| Defendants and Respondents. | |

Plaintiff Scott Storer was injured while riding his motorcycle on a motocross track operated by defendants E Street MX, Inc. and Scott Davis (collectively E Street).  Storer sued E Street for negligence and premises liability and the trial court eventually granted E Street's motion for summary judgment.

Storer now contends (1) there are triable issues of material fact as to whether the release of liability he signed is void due to fraud in the execution; (2) even if the release is not void, there are triable issues as to whether the release applied to him on the day of his injury; (3) his complaint encompasses gross negligence and his causes of action

1

are not barred by the doctrine of primary assumption of risk; (4) the trial court abused its discretion in denying leave to amend the complaint; and (5) the trial court made erroneous evidentiary rulings.

Notwithstanding Storer's arguments regarding the invalidity of the release and its applicability to him, we conclude E Street met its prima facie burden to negate essential elements of Storer's causes of action, and that Storer did not meet his ultimate burden to show triable issues of material fact. We also conclude the trial court did not abuse its discretion in denying leave to amend the complaint and it did not commit evidentiary error.

We will affirm the judgment.

BACKGROUND

Davis is president and owner of E Street MX, Inc., a recreational motocross track in Marysville. Davis described the track as one mile in length with numerous turns and jumps. Riders bring their own motorcycles and safety equipment to the track.

Storer began riding motorcycle "dirt bikes" at the age of 13 and was a member of the E Street track. He first rode there in the 1980's. Storer said that when he arrived at the track's entrance, he was handed a clipboard and asked to sign his name. He said the only thing on the clipboard that he could see were names of other riders that signed in. He explained there was one folded sheet of paper with signature lines at the top of the clipboard, and underneath there was another sheet of paper with more signature lines. Storer did not know he was signing a release of liability, did not read the portion of the page above the fold, and did not ask if he was signing anything other than a sign-in sheet. He subsequently acknowledged his signature on numerous track release forms.

According to E Street, a track employee routinely ensures that every customer signs a document entitled "release and waiver of liability, assumption of risk and indemnity agreement" (the release) before entering the gate. The release is presented on a clipboard with signature lines at the bottom. The language of the release was the same

2

at all relevant times. Storer signed the release on May 8, 2010, the day of his injury. Among other things, the document purported to release E Street from all liability whether caused by E Street's negligence or otherwise.

Storer testified that on the day of his injury he did two or three laps and then "kind of blanked out." He testified that he did not recall a crash, but he remembered trying to stand up and then he "just blacked out." He said something hit him, but he did not know what hit him and he did not know if he was hit from behind. He remembered paramedics at the scene, and then his next recollection was waking up five weeks later. When he looked at his gear there were tire tracks on his jersey. The parties agreed there were no witnesses to Storer's fall or injury.

Storer filed a complaint against E Street on August 25, 2010, alleging negligence and premises liability. E Street's answer asserted assumption of the risk as an affirmative defense. Storer was deposed on April 19, 2011, and E Street filed a motion for summary judgment on July 5, 2011.

On August 5, 2011, Storer filed a motion for leave to file an amended complaint. The proposed amended complaint added a new cause of action for product liability and included new negligence and premises liability allegations asserting defective design, construction and maintenance of the track and the failure to warn of those defects. The changes in the proposed amended complaint were based on facts Storer claimed to have discovered during his April deposition, when he was presented with a photograph of the track showing that the track had been modified after his injury.

Following a hearing, the trial court denied the motion for leave to amend, stating that the proposed amended complaint was "prejudicially late" and sought to add a "patently frivolous" cause of action for product liability. The trial court also found that Storer had not established good cause for delaying the motion four months after discovering grounds to amend.

The trial court heard and granted E Street's motion for summary judgment on September 19, 2011, and subsequently entered judgment for E Street.

## STANDARD OF REVIEW

A motion for summary judgment shall be granted if the papers establish there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (*Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1067.) A defendant meets his or her burden by negating an element of each cause of action or establishing a complete defense. (*Ibid.*) We review the trial court's grant of summary judgment de novo, considering all the evidence offered in connection with the motion except that which the trial court properly excluded. (*Ibid.*) We view the evidence in a light favorable to plaintiff and we resolve evidentiary doubts in plaintiff's favor. (*Ibid.*)

## DISCUSSION

### I

Storer asserts numerous claims of error. The ultimate issues, however, are whether there are triable issues of material fact regarding the essential elements of his causes of action for negligence and premises liability, and whether the trial court abused its discretion in denying leave to amend. We begin by addressing those issues.

### A

Turning first to Storer's causes of action for negligence and premises liability, he admitted in his motion to amend the complaint that those causes of action contained allegations "related only to the number of flaggers or other precautions present at the track to protect fallen riders."

Whether a duty exists is a legal question decided by the court. (*Rosencrans v. Dover Images, Ltd.* (2011) 192 Cal.App.4th 1072, 1082 (*Rosencrans*).) As a general rule, people have a duty to use due care to avoid injuring others. (*Ibid.*) But the scope of a defendant's duty is narrowed when a plaintiff participates in an inherently dangerous recreational activity. (*Ibid.*)

4

Under the primary assumption of risk doctrine, an operator of a business that provides a recreational activity posing inherent risks of injury has no duty to eliminate the inherent risks of the activity. (*Nalwa v. Cedar Fair, L.P.* (2012) 55 Cal.4th 1148, 1162.) However, the operator does have a duty not to unreasonably increase the risks of injury beyond those inherent in the activity. (*Ibid.*) The seminal case of *Knight v. Jewett* (1992) 3 Cal.4th 296, illustrated the concept in the context of a ski resort, explaining that because the presence of moguls on a ski run is an inherent risk of the sport, a resort operator would have no liability to a plaintiff who fell while skiing over a mogul, although an operator might have liability if it provided towropes to skiers and failed to maintain them in a safe, working condition. (*Id.* at p. 315-316.)

Which risks are inherent in a given recreational activity is suitable for resolution on summary judgment. (*Nalwa v. Cedar Fair, L.P., supra*, 55 Cal.4th at p. 1158.) Such a determination is a legal question within the province of the courts and is reached from common knowledge and not from the opinions of experts. (*Rosencrans, supra*, 192 Cal.App.4th at p. 1083.)

"Motocross is a sport in which people ride motorcycles and perform jumps off of ramps, while in a setting filled with dust and other people on motorcycles. Given the racetrack setting, speed involved, and jumping maneuvers, it follows that coparticipants will fall down, and while down, be struck by other riders whose views are obscured by the blind corners, blind ramps, dust, and/or other riders." (*Rosencrans, supra*, 192 Cal.App.4th at p. 1083.) Storer believed his injuries were caused by another rider who struck him after Storer fell on the track. The risk of being struck by another rider is inherent in motocross activities.

Nonetheless, a motocross track operator has a duty to minimize such inherent risk without altering the nature of the sport. (*Rosencrans, supra*, 192 Cal.App.4th at p. 1084.) The court in *Rosencrans* concluded that an owner/operator of a motocross track had a

duty to provide a warning system, such as caution flaggers, to alert other riders of a fallen participant on the track. (*Ibid*.)

Here, Davis said four caution flaggers were on the track on the day of the accident. Storer saw three of them and said there may have been others. It was undisputed that E Street provided a caution flagger warning system. Nonetheless, Storer contends there is a triable issue regarding whether E Street breached its duty by providing an insufficient number of flaggers at the wrong locations.

Storer testified that on the day of his injury he "kind of blanked out." He did not recall a crash. He said something hit him, but he did not know what hit him and he did not know if he was hit from behind. There were no witnesses to Storer's fall or injury, and no evidence identifying another rider who hit Storer.

Storer presented declarations from two men who were riding at the track on the day of the accident. The two men did not claim to have seen any part of the accident. They expressed opinions about the need for flaggers at the location of the accident, but they did not provide details about their personal knowledge regarding the accident location. Among other things, the trial court sustained objections to the following statements from the declarants based on lack of foundation and proof of expertise: "I have observed that the Subject Track is not using enough flaggers on practice days"; "The only flaggers that I observed on that date . . . were too far from the turn and blind jump where Scott Storer was hit to get there in time to warn riders to stop"; "It was dangerous enough at that location to require a flagger"; and "Based on my experience, the jump was dangerous enough to have had a flagger positioned nearby."

Storer also presented a declaration from an expert witness. There is no evidence that the expert personally visited the track, but he said he reviewed Storer's deposition transcript, the declarations from the two other riders, color photos of the track, a Google Earth view of the track, and a video of the track. No images or other identifying data from those sources were included with the expert's declaration. The expert opined that

the industry standard required a flagger at the spot where Storer fell, and that E Street fell below the standard of care, custom and practice in the motocross industry. The trial court sustained objections to the expert's description of the track, the place where Storer was injured and the expert's opinion about the need for flaggers there.

We review rulings on evidentiary objections in the context of summary judgment for abuse of discretion. (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694.) On this record, the trial court did not abuse its discretion in sustaining objections to the statements of the two other riders. The riders may have had personal knowledge regarding the location of the accident based on where Storer was found "blanked out" on the ground, but they did not provide any such details in their declarations. (See *Bozzi v. Nordstrom, Inc*. (2010) 186 Cal.App.4th 755, 763 ["An opinion is only as good as the facts and reasons on which it is based."]; see also *Leslie G. v. Perry & Associates* (1996) 43 Cal.App.4th 472, 484 [evidence based on conjecture insufficient to defeat summary judgment].) The trial court also did not abuse its discretion in sustaining the objections to the expert's declaration. Although hearsay records can be used as a basis for expert opinion, experts may not relate out-of-court statements as independent proof of facts. *(Garibay v. Hemmat* (2008) 161 Cal.App.4th 735, 743.) An expert opinion has no evidentiary value when it is based on assumptions of fact that are without evidentiary support or that are based on speculation or conjecture. (*Ibid*.)

Storer offered no other admissible evidence from which a trier of fact might have been able to find E Street liable for negligence or premises liability.

Storer claims Davis's declaration did not support summary judgment because Davis did not say he was present on the day Storer was injured. But Davis did not offer testimony about what happened on the day Storer was injured; he described the track and its routine operations, including the number and usual placement of caution flaggers. With one exception, Storer did not present evidence contradicting Davis's declaration. The one disputed fact was whether four flaggers were present on the track on the day of

7

the incident. As to that fact, Storer's own sworn testimony was that he saw three flaggers and there might have been others. Even if Storer's objection had been sustained and the trial court assumed the fourth flagger was absent, the dispute was not sufficient to defeat summary judgment. Motocross track operators must post caution flaggers, but as we have explained, Storer presented no admissible evidence to further define E Street's duty on the day of Storer's injury.

E Street established in its motion for summary judgment that Storer had insufficient evidence to prove an essential element of his causes of action, and Storer did not respond by showing a triable issue of material fact. The trial court did not err in granting summary judgment.

B

Storer also claims the trial court abused its discretion in denying leave to amend the complaint.

During his April 2011 deposition, counsel for E Street showed Storer some photographs of the motocross track. A bulldozer was visible in the photographs. In his motion for leave to amend the complaint, Storer said he realized when he saw the photographs that E Street had modified the track because "shortly" after the deposition, he saw a video of the track as it had existed at the time of his collision. The proposed amended complaint added allegations related to deficiencies in the design, construction and maintenance of the track.

In his motion to amend, Storer claimed his delay in seeking to amend caused no prejudice to E Street because the statute of limitations had not expired and trial was three months off. He offered no explanation for the four-month time lapse between the deposition and the motion to amend, nor did he address the fact that E Street would have to withdraw or re-draft its pending motion for summary judgment.

A trial court has wide discretion in allowing amendment of any pleading, and the ruling of a trial court will be upheld unless a manifest or gross abuse of discretion is

8

shown.  (*Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746, citing *Record v. Reason* (1999) 73 Cal.App.4th 472, 486.)  Although amendments are liberally permitted, unwarranted delay that causes prejudice to the adverse party is a valid reason for denial. (*Huff, supra,* 138 Cal.App.4th at p. 746.)

Storer's deposition was in April 2011.  E Street filed its motion for summary judgment in July 2011.  Storer did not file his motion to amend the complaint based on the information identified in the deposition until August 2011.  He did not explain the four-month delay.  The trial court found the delay was prejudicial.

Storer has not shown that the trial court committed a manifest or gross abuse of discretion in denying leave to amend.

## II

In addition, Storer claims the trial court made erroneous evidentiary rulings.

Storer asserted 14 objections to Davis's declaration submitted in support of the motion for summary judgment.  The objections primarily challenged various statements by Davis about the track and its operations, and were primarily based on the ground that Davis lacked personal knowledge because the declaration did not state he was present at the time of the injury.  The trial court overruled Storer's objections.

E Street asserted 28 objections to evidence proffered by Storer in opposition to E Street's motion for summary judgment.  The objections primarily challenged various statements by declarants about the track and its operations on the ground that the statements lacked foundation and the declarants lacked personal knowledge.  The trial court sustained all but two of the objections.

As we explained in part IA of this opinion, we review rulings on evidentiary objections in the context of summary judgment for abuse of discretion (*Carnes, supra,* 126 Cal.App.4th at p. 694), and we have already explained why some of the trial court's rulings were not an abuse of discretion.  Regarding the other challenged evidentiary rulings, we have reviewed Storer's claims of evidentiary error and we have also reviewed

9

the appellate record. We conclude the trial court did not abuse its discretion in overruling Storer's objections or in sustaining E Street's objections.

III

Storer also asserts appellate contentions regarding the validity of the release agreement and its applicability to him. If Storer had otherwise shown triable issues of material fact regarding his causes of action for negligence and premises liability, his allegations that E Street concealed the release language from him might have been cause for concern. We might also be concerned that E Street has an apparent practice of requiring multiple customers to sign a single release page rather than providing each customer with their own release agreement, thereby making it more difficult for any individual customer to negotiate the terms of their individual release agreement.

However, concerns about the validity of the release and its applicability to Storer go merely to the vitality of E Street's ninth affirmative defense: that Storer agreed to release E Street from liability. We need not reach that issue. Even if the release was void or inapplicable, summary judgment was properly granted because Storer did not meet his burden to show triable issues of material fact regarding the essential elements of his causes of action.

DISPOSITION

The judgment is affirmed.


                                                            _____MAURO_____, J.


We concur:


_____RAYE_____, P. J.


_____HULL_____, J.

10